BENJAMIN GLUCK, Appellant, v. THE BEDFORD CLEANING & DYEING Co., INC., Respondent, Impleaded with FRANK WEISS, Defendant.

First Department, March 4, 1921.

Negligence — action against corporation to recover for injuries received while riding in wagon with its president at his request or invitation — authority of president to invite plaintiff to ride — duty of defendant toward plaintiff — complaint improperly dismissed.

In an action against a corporation and its president to recover for personal injuries received by the plaintiff while riding in a wagon with the president, it appeared that the plaintiff had quit the employ of the corporation a few days before the accident and on the day of the accident returned to get his pay check; that while waiting for his check he was asked by the president, as a favor, to get the company's horse and wagon and take it to another place; that the plaintiff did as requested and was met by the president and was then told that he might ride back to the office to get his check, and that on the return trip the accident occurred.

*Held*, that after the plaintiff delivered the horse and wagon to the president the latter had clear authority either to invite or permit the plaintiff to ride back to the office to which he was required to return to get his pay check.

Whether as an invitee or licensee the corporation defendant owed the plaintiff the duty to use reasonable care not to injure him in driving him back to the office from which he started to do an act in behalf of the corporation, and to which he was required to return.

The complaint should not have been dismissed at the close of the plaintiff's case, for while there was a conflict in the evidence given by his own witnesses and he was required to call the president to prove his case, still the plaintiff may insist that the story he gave was the true one and ask the jury to agree with him.

APPEAL by the plaintiff, Benjamin Gluck, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 25th day of March, 1920, dismissing the complaint at the close of plaintiff's case.

*Nathan Kelmenson,* for the appellant.

*James B. Henney,* for the respondent.

SMITH, J.:

The action is brought to recover damages for negligence in the driving of a delivery wagon. The action is brought against

the defendant corporation and its president, who, under the evidence, was driving the wagon at the time of the accident. The president has made default. The corporation defended, and after the close of plaintiff's evidence the complaint was dismissed upon the ground that the plaintiff was riding in the wagon at the invitation of the individual who was the president of the defendant, and not at the invitation of the corporation.

From the evidence it appears that the plaintiff had been an employee of the corporation and left the employment upon the Saturday preceding the Monday, the date of the accident. He was receiving eighteen dollars a week. At the time he received five dollars and there was still due to him thirteen dollars. The regular pay day was Tuesday. He came in Monday morning and asked for the balance of his pay and a check was made out and signed by Weiss, the president. It required, however, the signature of another party who was sick and the check was sent by another employee to the house of this other party for his signature. While the plaintiff was waiting for the return of this messenger he was asked by Weiss, the president of the corporation, to do him a favor and to get the horse and wagon which was used for delivery purposes and take it to the house of a man by the name of Markowitz. He went to the stable and got the horse and wagon and took it to Markowitz' house and there met the defendant Weiss. He then asked Weiss what about his check, and Weiss told him that he might walk down to the office and get it or he might get in the wagon and drive to the office, the wagon first being taken for the purpose of getting some asbestos which was needed at the office. He got into the wagon, Weiss driving. Through the negligence of Weiss in driving the wagon it was thrown against a street car and the plaintiff suffered severe injuries. There is some conflict in the evidence, Weiss swearing that plaintiff had not left the employ of the corporation, in which case his remedy would have been under the Workmen's Compensation Law, and not by action. But the facts as stated are facts which the jury was authorized to find, and under those facts the trial court has held as matter of law that plaintiff was the invitee of Weiss and not of the corporation.

It will be borne in mind that the plaintiff was asked to go for this horse and wagon for the purpose of the business of

the corporation.   Weiss swears that he was doing business as a corporation.   No particular significance is given to this form of expression.   He was the president of the corporation and had undoubted authority to do any act in its behalf incidental to the conduct of its business.   It was necessary for the plaintiff after he had done this errand to come back to the office to get the check which was there awaiting his return.   He had gone nineteen or twenty blocks in order to get the horse and wagon and at the time Weiss took the rig he was sixteen or seventeen blocks from the office.   Having performed this service at the request of the corporation through its president with the necessity of his return to the office in order to get the check for his compensation, it is not reasonable to hold that the invitation of the president to the plaintiff to ride back to the office was in excess of his authority and was not the act of the corporation.   The implication of authority to give this invitation would seem to be stronger even than it would be if he had gone for the horse and wagon for compensation and not as a favor to the corporation for which he was not to be compensated.   Whether as invitee or a mere licensee, the defendant corporation owed to plaintiff the duty to use reasonable care not to injure him in driving him back to the office from which he started to do an act in behalf of the corporation, and to which he was required to return.   Cases are plentiful where a corporation *through its officers* or employees has permitted others to use a passageway across railroad tracks where such corporations have been charged with negligence for the failure of employees to exercise due care to avoid injuring such licensees.   A corporation can only consent through its officers.   If plaintiff had been injured through the negligence of the corporation's employees while he was getting this horse and before he had delivered him to Weiss, there would not have been the slightest doubt of the corporation's responsibility for the negligence of its servants. After having delivered the horse and wagon to Weiss, the president of the corporation had, as I deem it, clear authority either to invite or permit the plaintiff to ride back to the office to which he was required to return in order to finish up his business with the corporation and receive the balance of the pay that was there awaiting him.

It is true that there is a conflict in the evidence given by the plaintiff's own witnesses. The plaintiff was required to call Weiss himself to prove his case. The plaintiff may insist, however, that the story he has given is the true one, notwithstanding such conflict, and ask the jury to agree with him as to the facts constituting the defendant's liability.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.