TOWN OF ANDOVER et al, Appellants, v. COOPER et al, Respondents.

(157 N. W. 1053.)

(File No. 3821.   Opinion filed May 20, 1916.   Rehearing denied July 10, 1916.)

**1. Highways—Highways in Incorporated Town—Vacation—Jurisdiction of Joint Township and Town Boards—Statute.**

Under Pol. Code, Sec. 1441, vesting in the board of trustees of an incorporated town jurisdiction to establish roads or streets within the corporate limits of the town, and Sec. 1754,

providing that when the supervisors of any town and the trustees of any incorporated town shall receive a petition for the location of a road or for alteration or discontinuance of any road "on the line between" such town and incorporated town, such road shall be laid out, etc., by two or more of the supervisors of such town and the majority of the common council of such incorporated town, **held**, that, under a petition addressed to the joint boards of an incorporated town and a township for change of a section line road from its intersection with the railroad right-of-way northerly to its intersection with the township line, thence west on such line, and thence south within the corporate limits to the north end of a street in the town, thence east to such section line, where the boards ordered a vacation of a part of the section line road passing over the right-of-way, and that it be closed as soon as such new road lying within the incorporated town was open to travel, an order of the joint boards proposing to locate a highway within the incorporated town was void for want of jurisdiction; that the trial court on appeal from such joint order, acquired no jurisdiction, and its judgment vacating the proceedings of the board will be affirmed solely on the ground of its want of jurisdiction to try the merits of the controversy, with directions to remand the matter to the joint boards with directions to dismiss the petition for want of jurisdiction.

2.   **Eminent Domain—Incorporated Towns—Condemnation Proceedings for Street Extension—Right to Condemn Railroad Property—Instruction.**

Where the trial court, in a proceeding by an incorporated town and a township, to open and to extend, certain streets in the incorporated town, instructed the jury that the incorporated town could not take by condemnation proceedings railroad property for the purpose of extending a street across the railroad right-of-way, but that such extension could be made only by consent of the company, such instruction was erroneous.   Following Town of Emery v. C. M. & St. P. Ry. Co., 35 S. D. 583, 153 N. W. 655

Appeal from Circuit Court, Day County.   HON. THOS. L. BOUCK, Judge.

Petition to change a section line road, and to extend a street in an incorporated town, to a section line road.   From an order of the joint boards of the incorporated town, and the township of Andover, A. T. Cooper and others separately appealed.   Appeals consolidated, and tried as a single action, and from the judgment of the circuit court vacating the proceedings of the boards, and from an order overruling a motion for a new trial,

the town of Andover and the township of Andover appealed. Judgment and order affirmed, and trial court directed to remand the matter to the joint boards, with direction to dismiss the petition for want of jurisdiction.

*Lewis W. Bicknell,* for Appellants.

*Howard Babcock,* and *H. H. Potter,* for Respondents.

(1) To point one of the opinion, Appellants cited: Pol. Code, Secs. 1717, 1756; Williams v. Turner Township, 87 N. W. 968.

Respondents cited: Pol. Code, Secs. 1442, 1754, Lowe v. East Sioux Falls Quarry Co. (S. D.) 126 N. W. 609.

SMITH, J. The town of Andover is platted and located on the northeast quarter of section 3, township 122 north, range 59 west. The right of way and depot grounds of the Chicago, Milwaukee & St. Paul Railway Company extend across the north half of this quarter in a line slightly south of east. The platted portion of the town lies wholly south of the railroad right of way and abuts on Railroad avenue, which extends east and west along the south line of the right of way. Main street extends north and south through the central part of the platted portion of the town and terminates at Railroad avenue, no street or highway extending north from that point across the railroad right of way. The entire business portion of the town lies along and south of the railroad tracks. A section line highway on the east side of town crosses the railroad tracks at a point 1,330 feet east of the north end of Main street, and a quarter section line highway on the west side of town crosses the railroad tracks at a point about the same distance to the west of the north end of Main street. Public travel from the north and east passes south on the east highway across the railroad track, thence west to the business part of the town, while travel from the north and west passes south on the quarter section highway across the railroad tracks, thence east to the business part of the town. North of the railroad tracks, and 614 feet north of the north end of Main street, a public highway extends east and west on the township line.

Negotiations between the authorities of the town of Andover, the adjoining township of Andover and the railroad company seem to have been instituted through which it was pro-

posed to vacate that portion of the highway over the crossing and right of way east of town, and also that portion of the highway west of town over the crossing and right of way, and to extend Main street north across the railroad right of way to an intersection with the east and west highway on the township line to an intersection with the east and west highway on the township line. Pursuant to this scheme a petition was filed with the clerks of the town and township of Andover addressed to the joint boards, petitioning them to change the section line road east of town as follows:

"Beginning at the intersection of the said north line of the right of way of the Chicago, Milwaukee & St. Paul Railway Company with the aforesaid road, thence northerly along the aforesaid section line to the point where the same intersects the township line between townships Nos. 122 and 123, * * * thence west on said township line to the intersection of Main street of the platted town of Andover, if produced northerly to said point, thence south to the present north end of Main street in the platted town of Andover, thence east along Railroad avenue to the intersection with the aforesaid section line road, * * * thence north to the south line of the right of way * * * vacating that portion of said section line road which passes over and across the right of way. * * *"

Pursuant to this petition and upon proper notice, a hearing was had before said joint boards, and an order was made and entered granting the petition and—
"vacating that portion of said section line road which passes over and across the right of way; * * * such portion to be vacated and closed as soon as the proposed new road above described is fit to be opened to public travel."

[1] From this order of the joint boards separate appeals were taken by five persons who claimed damages by reason of the proposed change. These appeals were consolidated and tried as a single action, which resulted in a verdict and judgment vacating the proceedings of the board. The town of Andover and the township of Andover join in an appeal from the judgment, and from an order overruling a motion for a new trial.

It will be observed that a public highway already existed on the *township line* north, and another highway on the *section line* east, the lines referred to in the order. From this it will appear

that the order of the joint boards in fact did nothing more than to vacate that portion of the existing section line highway across the railroad right of way, and then proceeded to locate an entirely new highway from the township line highway south to the north end of main street, and to extend Railroad avenue east to the section line highway—both of the new roads thus attempted to be established being wholly within the corporate limits of the town of Andover.

Section 1754, Pol. Code, provides as follows:

"Whenever the supervisors of any town and the trustees or common council of any incorporated city or town shall receive a petition praying for the location of a road or for the alteration or discontinuance of any road on the line between such town and incorporated city or town, such road shall be laid out, altered or discontinued by two or more of the supervisors of such town and the majority of the common council or trustees of such incorporated city or town."

Under this section, the joint boards are given authority and jurisdiction to locate, alter, or discontinue any road *on the line between* the township and the incorporated city or town. It is perfectly clear, therefore, that the order purporting to locate and establish a highway extending from the township line road, south "to the intersection of Main street of the platted town of Andover, from a point at which Main street extended north would intersect said highway, thence south to the present north end of Main street in the platted town of Andover, thence east along Railroad avenue to the intersection with the aforesaid section line road" within the incorporated town of Andover, is wholly void and ineffective for want of jurisdiction in the joint boards.

The jurisdiction to establish roads or streets within the corporate limits of a town or city is vested exclusively in the board of trustees of the city or town. Pol. Code, § 1441. It cannot be presumed for a moment that the joint boards would have made the order vacating the highway across the railroad right of way and tracks, without the extension of Main street north to an intersection with the township line highway north. This is entirely clear from the concluding portion of the order of the joint boards which directs that the highway over the railway crossing shall be vacated and closed "only when the proposed new road is fit to

be opened to public travel." The joint board being wholly without jurisdiction to make the order complained of as a whole, the trial court upon the appeal acquired no jurisdiction to pass upon the merits of the order.

[2] The trial court instructed the jury that, under the laws of this state, the town of Andover could not by condemnation proceedings against the property of the railway company extend Main street north from its present terminus to the township line highway, but that such extension could only be made by *consent* of the company. This instruction was excepted to and is assigned as error. In view of the want of jurisdiction of the joint boards and of the trial court, this assignment might be passed without further comment, but for future guidance in these proceedings, if any, we deem it proper to direct attention to the ruling of this court in Town of Emery v. C., M. & St. P. Ry. Co., 35 S. D. 583, 153 N. W. 655, wherein this court held that a town could maintain condemnation proceedings for extension of its streets across a railroad right of way.

The judgment and order appealed from are affirmed solely upon the ground of want of jurisdiction in the trial court to try the merits of the controversy, and the trial court is directed to remand the matter to the joint boards directing them to dismiss the petition for want of jurisdiction. No costs shall be taxed by either party in this court or in the trial court.

McCOY, J., not sitting.