VAN GERPEN, Respondent, v. GEMMILL, et al, Appellants

(33 N. W.2d 278.)

(File No. 8954, 8970. Opinion filed July 2, 1948.)

**John E. Walsh,** of Yankton, for Plaintiff and Respondent.

**Lee H. Cope,** of Yankton, for Defendants and Appellants.
**Lars A. Bruce,** of Yankton, for Defendants.

RUDOLPH, J. SDC 28.0102 provides, "There is along every section line in this state a public highway located by operation of law, except where some portion of the highway along such section line has been heretofore vacated or relocated by the lawful action of some authorized public officer, board, or tribunal."

The plaintiff is the owner of the Northeast Quarter of Section Twenty-eight, Walshtown Township, Yankton County. He seeks in this action to mandamus the Board of Township Supervisors and the Board of County Commissioners to construct a highway along the section line between Section Twenty-seven and Section Twenty-eight. The Board of County Commissioners answered plaintiff's complaint and alleged that the road between these two sections is a secondary road and that the law imposes no duty upon the county commissioners with respect to such road. The Township Supervisors filed a motion to dismiss the complaint. Without any further proceeding, other than argument of counsel, the court entered judgment, the material parts of which are as follows:

"Ordered, that the said John Gemmill, Archie McKeachie, and Harry Boe, as the Board of Township Supervisors of Walshtown Township, be, and they are hereby commanded to forthwith establish, through the services of a licensed surveyor, whose certificate is acceptable under the Laws of the State of South Dakota, the section line between Sections Twenty-seven (27) and Twenty-eight (28), Township Ninety-five (95) North, Range Fifty-five (55) West, of the 5th P. M., Yankton County, South Dakota, as contemplated by SDC 28.0102 and SDC 28.0105; and it is further

"Ordered, adjudged and decreed, that John Gemmill, Archie McKeachie and Harry Boe, as the Board of Township Supervisors of Walshtown Township, be, and they are hereby commanded to forthwith arrange for the construction of a road sixty-six feet wide, one-half of which is to be taken from each side of Sections Twenty-seven (27) and Twenty-eight (28), that is to say, one-half from the west side of

said Section Twenty-seven (27) and one-half from the east side of said Section Twenty-eight (28), Township Ninety-five (95) North, Range Fifty-five (55) West, of the 5th P. M., Yankton County, South Dakota, and the arrangement by the said township board members for the construction of said road shall be made forthwith with said Board of County Commissioners of Yankton County, South Dakota, and the said County Highway Superintendent of Yankton County, South Dakota; and it is further

"Ordered, adjudged and decreed, that you, Jesse M. Smith, Carl M. Anderson, P. C. Peterson, W. C. Olander and Peter J. Stark, constituting the Board of County Commissioners of Yankton County, South Dakota, and you, Frank W. Smith, Superintendent of Highways of Yankton County, South Dakota, be, and you are hereby directed to forthwith supervise the construction of a road sixty-six feet wide between said Sections Twenty-seven (27) and Twenty-eight (28), Township Ninety-five (95) North, Range Fifty-five (55) West, of the 5th P. M., Yankton County, South Dakota, immediately after the arrangement is made for the construction of said road by the said Township Supervisors of the said Walshtown Township, and that the said highway shall be constructed in conformity with and as contemplated by the terms of Title 28, SDC 1939; and it is further * * *"

The defendants have appealed. The court did not determine the duty of the township board independent of or apart from its determination of this board's duty in conjunction with the duty of the county board as this duty was determined by the court. It follows that if there is no duty with respect to this road upon the county board that the correlative duties of the two boards as found by the court are nonexistent, and the whole judgment falls. The trial court not having found any duty of the township board apart from its duty in conjunction with the county board, we, of course, refrain from expressing any opinion upon the question of whether the performance of any independent duty of the township board may be compelled by mandamus.

Highways are classified by our Code, SDC 28.0107, as follows: (1) streets and alleys within the limits of municipal

corporations, (2) the State Trunk Highway System, (3) the county highway systems of the several organized counties, and (4) all other highways denominated secondary highways. It was apparently agreed in the trial court and is conceded in this court that the section line in question falls within the fourth classification and is a secondary highway. The question presented, therefore, concerns the duty of the county board, if any, with reference to this secondary highway.

SDC 28.0401, so far as here material, provides: "It shall be the duty of the board of township supervisors to arrange for the construction, repair, and maintenance of all secondary roads within the township. * * * Such board shall designate one or more of its number to attend to the road business in the township * * *." See also SDC 28.1402. As stated above, we do not in this action determine whether the duty thus imposed upon the township board is mandatory or discretionary. We refer to this duty of the township board for the purpose of showing that the legislature has directly placed upon this board the duty and responsibility for the construction, repair and maintenance of secondary roads, in the same manner that it has placed such responsibility for the County Highway System upon the county highway superintendent and the board of county commissioners by SDC 28.03, and upon the State Highway Commission for the State Trunk Highway System, SDC 28.02. We thus have a unified scheme for the development, and improvement of the highways of the state which contemplates a division of burden and responsibility between township, county and state. Hanigan v. Minnehaha County et al., 47 S. D. 606, 201 N. W. 522. Other than specific exceptions, which have no present application, such as that found in SDC 28.0312 wherein it is provided that the county commissioners shall maintain any secondary highways according to any agreement made by it in consideration of federal aid received for construction and improvement of such highways we believe the legislative plan for the division of responsibility with reference to the various types of highways offers no opportunity for the court to hold that there are overlapping duties and responsibilities among the different boards. A

holding that there are overlapping duties and responsibilities other than those expressly fixed by the legislature would not be, in our opinion, in accord with the legislative plan and would amount to confusing that which is now reasonably clear.

Respondent cites and relies upon the duties of the county commissioners as provided in SDC 28.0408, but by the language of this section any duty of the county commissioners with respect to secondary roads does not extend to such roads when they are within an "organized civil township", and it is agreed that Walshtown Township is an organized civil township. Respondent also cites and relies upon SDC 28.0312 wherein it provides that the county highway superintendent is charged with the actual direction and supervision of all maintenance work within the county, but it is clear from a reading of the whole of Chapter 28.03 that this duty placed upon the highway superintendent relates to the county highway system, such other roads as the legislature has expressly made it the duty of the county commissioners to maintain and such independent duties of the county highway superintendent which are placed upon him by the law, such as those provided in SDC 28.0301. Griggs v. Harding County, S. D., et al., 68 S. D. 429, 3 N. W.2d 485. With regard to the use of the county motor vehicle fund as provided in SDC 28.0313 we believe the reference therein to secondary roads applies only to such roads as the county is expressly directed to maintain, and such county aid roads as are established in the townships under SDC 28.0314 as amended by Ch. 109, Laws of 1943. Such construction fits the said SDC 28.0313 into the overall legislative plan for the division of rseponsibilities with respect to highways.

We are convinced that should we sustain the judgment of the trial court it would simply amount to denying the county commissioners the discretion with which that body has been invested by the plain terms of Ch. 109, Laws of 1943. We find no mandatory duty upon the county commissioners with respect to the highway in question.

The judgment appealed from is reversed.

All the Judges concur.