Frederick A. HERRMANN, Sr., and Frederick Herrmann Associates, Inc., Plaintiffs and Appellants,

v.

The BOARD OF COMMISSIONERS OF the CITY OF ABERDEEN, State of South Dakota, and Jeff Solem, Allen Gates, Robert Nikolas, Henry Lussem, and Dean Driscoll, constituting the Members of said Board, Defendants and Respondents.

No. 12642.

Supreme Court of South Dakota.

Argued Sept. 18, 1979.

Decided Dec. 12, 1979.

Rehearing Denied Jan. 17, 1980.

Joseph G. Rimlinger, Pfeiffer & Rimlinger, Aberdeen, for plaintiffs and appellants.

Charles B. Kornmann, Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for defendants and respondents.

FOSHEIM, Justice.

This is an appeal from a judgment of the circuit court which denied the application of appellants for a writ of mandamus to open a dedicated public alley. We reverse.

In 1959, the owners of the land in question recorded an approved plat for an addition to the City of Aberdeen, wherein this alley was dedicated. Thereafter, Mr. and Mrs. Jacob Grismer and Frederick Herrmann Associates, Inc. acquired title to abutting lots in Block 2 of this addition. One of the alleys dedicated to the public use runs between the lots of the Grismers and Frederick Herrmann Associates, Inc. That part of the alley extending approximately 124 feet north between the properties of Herrmann and Grismer has never been opened. The remainder of the alley is open and is used by the abutting landowners for garbage removal and for access to their garages which face on the alley. Mr. Grismer has taken possession of that portion of the unopened alley from approximately its center line westward and has erected or maintained thereon a fence, a utility building, a standing mailbox and a garbage rack. Mr. Herrmann, on the other hand, relying on access to the alley as platted and dedicated, has erected a combination garage and utility building at the rear of his home. If the alley is opened, he will have access to his garage. Appellants' petition to have the alley opened was resisted by Jacob Grismer and denied by the Aberdeen City Commission.

The basic question on appeal is whether the city commission has a duty to compel the removal of obstructions upon a dedicated public alley placed there by an abutting landowner and to open the alley for the benefit of the public when requested to do so by other abutting landowners.

Appellants contend the city commission has an unqualified duty to open the alley. It is the position of the city commission that this matter is within their discretion.

SDCL 11–3–6 provides that the governing body of a municipality shall, by resolution, approve any plat to an addition to the

municipality before it can be recorded.[1] SDCL 11-3-12 then provides that once the plat is recorded, the land intended for alleys can be used for no other purpose.[2] SDCL 9-45-1 grants to municipalities the authority to lay out, establish, open, and improve streets and alleys.[3] This, we have held, is an exclusive power. *Town of Andover v. Cooper*, 37 S.D. 258, 157 N.W. 1053 (1916); *Board of Commissioners of Spink County v. Chicago, Milwaukee & St. Paul Railway Co.*, 28 S.D. 44, 132 N.W. 675 (1911). Once dedicated, no alley shall be vacated by the governing body of a municipality except upon the petition and consent of adjoining property owners. SDCL 9-45-7.[4]

A statute must be construed according to its manifest intent; such intent must be derived from the statute as a whole, as well as other enactments relating to the same subject. *Concrete Materials Co. v. Employers Mutual Liability Insurance Co.*, 70 S.D. 535, 19 N.W.2d 523 (1945). Reading these statutes together, as we must, we find that once the governing body of a municipality has exercised its statutory authority to approve or disapprove the plat to an addition to the municipality, its legislative function ends. The land then contained in the recorded plat and dedicated as an alley can be used for no other purpose. Only the municipality can open, establish and improve the dedicated alley. When the plat is recorded, the statutory duty of the governing body becomes inflexible.

In *Bryant v. Gustafson*, 230 Minn. 1, 40 N.W.2d 427 (1950), the Minnesota Supreme Court noted that each purchaser of a lot is entitled to the benefit of the plat as it

1. At the time this action was commenced, SDCL 11-3-6 provided:

   The provisions of this chapter shall apply to every addition to, or subdivision within, any city, town, or unincorporated town, provided that if the land or any part thereof included in any such addition or subdivision is within, adjoining, or contiguous to the boundaries of any city or town, the plat thereof, before being recorded, shall be submitted to the governing body thereof, which shall thereupon examine the same, and if it shall appear that the system of streets and alleys set forth therein conforms to the system of streets and alleys of the existing plat of such city or town, and that all taxes and special assessments, if any, upon the tract or subdivision have been fully paid, and that such plat and the survey thereof have been executed according to law, such governing body shall, by resolution, approve the same, and the auditor or clerk shall endorse on such plat a copy of such resolution and certify to the same thereon. No plat of any such addition or subdivision so situated shall be entitled to record or be recorded unless the same bears a copy of such resolution and certificate of the auditor or clerk.

2. SDCL 11-3-12 provides:

   When the plat or map shall have been made out, certified, acknowledged, and recorded as provided in this chapter, every donation or grant to the public, or any individual, religious society, corporation, or body politic, marked or noted as such on such plat or map, shall be deemed a sufficient conveyance to vest the fee simple title of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against the donor, his heirs, and representatives, to the donee or grantee, his heirs or representatives, for the uses and purposes therein expressed and intended, and no other use and purpose whatever. The land intended to be used for *the streets, alleys, ways, commons, or other public uses shall be held in trust to and for the uses and purposes expressed or intended.*

3. SDCL 9-45-1 provides:

   Every municipality shall have power to lay out, establish, open, vacate, alter, widen, extend, improve, repair, grade, gravel, surface, pave, repave, bridge, construct a viaduct upon or over, erect equipment for street lighting in and otherwise improve, and establish and change the grade of roads, streets, alleys, sidewalks, and public grounds, and to regulate the making of openings and connections therein and the erection of lights thereon as provided by this title.

4. SDCL 9-45-7 provides:

   No street, alley, or public ground, or part thereof, shall be vacated by the governing body except upon the petition and consent in writing of all of the owners of the property adjoining the part of the street, alley, or public ground to be vacated. Such petition shall set forth the facts and the reasons for such vacation, accompanied by a plat of such street, alley, or public ground proposed to be vacated, and shall be verified by the oath of one or more of the petitioners, provided, in *the event all the land subject to the proposed petition to vacate is located on the land of a landowner, the petition of the landowner shall be sufficient.*

appears when he purchased it and that it is not simply the street or alley upon which the purchased lot may abut that the purchaser has the privilege of using and enjoying, but all easements, rights, privileges and advantages which the plat represents. The court went on to state that all purchasers, "when the conveyance is made with reference to a plat, are deemed, in the absence of fraud, to have full knowledge and notice of all that appears upon the plat, and with knowledge of the legal effect thereof, whether the rights thereby conferred upon the lot owners generally be to the advantage or disadvantage of any particular purchaser." 230 Minn. at 10, 40 N.W.2d at 433.

■■ This brings us to the question of whether mandamus lies as the proper remedy to enforce the opening of the alley. We have held that when the relief sought is the enforcement of a ministerial, as distinguished from a discretionary, duty within the intention of the statute, mandamus is an appropriate remedy. *Danforth v. City of Yankton*, 71 S.D. 406, 25 N.W.2d 50 (1946). In *Danforth v. City of Yankton*, supra, we held that any elector, citizen or taxpayer, regardless of any special or peculiar interest apart from that of the public, may apply for and obtain a writ of mandamus to enforce the performance of such a duty. In *Van Gerpen v. Gemmill*, 72 S.D. 265, 33 N.W.2d 278 (1948), we did not reach the question of whether the performance of an independent duty of a township board regarding a township road may be compelled by mandamus. Generally, however, the writ lies to compel the performance of a statutory duty (by officers upon whom it is imposed) to open a public way. *State v.*

*Freese*, 147 Neb. 147, 22 N.W.2d 556 (1946). See: *Board of Commissioners of Fremont County v. State*, 369 P.2d 537 (Wyo.1962); 52 Am.Jur.2d Mandamus § 221 (1970); 55 C.J.S. Mandamus §§ 176b, 177a (1948).

Respondents argue that mandamus is not an available remedy in this case because a plain, speedy and adequate remedy in the ordinary course of law exists.[5] They contend that appellants can initiate proceedings to abate a nuisance pursuant to SDCL 21–10–5 against any abutting owners who are obstructing the alley.[6] We are not persuaded by this argument. Even if the abutting owners of the alley who are obstructing its use were directed to abate the nuisance, the alley still would not be opened, improved, and maintained for the dedicated purposes. Only the municipality has the delegated power to do that. *Town of Andover v. Cooper*, supra. It follows that abating the nuisance would not afford appellants a plain, speedy and adequate remedy in the ordinary course of law.

We conclude, therefore, that the governing body of the City of Aberdeen has a duty to open, improve, and maintain the remainder of the alley in question. The judgment of the circuit court denying the writ of mandamus is reversed and the case is remanded with directions to issue the writ.

All the Justices concur.

---

5. SDCL 21–29–2 provides:
   The writ of mandamus must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon affidavit, upon the application of the party beneficially interested.

6. SDCL 21–10–5 provides:
   Remedies against any nuisance are:
   (1) A civil action;
   (2) Abatement; and
   (3) In cases of public nuisance only, the additional remedy of indictment or information as prescribed by statute and rules relating thereto.