Terence KEOGAN and Margaret B. Keogan, Plaintiffs and Appellants,

v.

Philip BERGH, George Blec, Ralph Mack, Marlys Mueller and Edward Spevak, as Commissioners for the County of Codington, State of South Dakota; and the County of Codington, State of South Dakota, a Public Corporation, Defendants and Appellees.

No. 14228.

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 1984.

Decided May 2, 1984.

Todd D. Boyd of Gunderson & Evenson, Clear Lake, for plaintiffs and appellants.

Roger W. Ellyson, Jr., Codington County State's Atty., Watertown, for defendants and appellees.

HENDERSON, Justice.

This is a civil appeal from a judgment denying a reopening of two section-line highways. We affirm.

On July 1, 1981, a petition signed by twenty-six residents of Codington County, South Dakota, was filed with the Board of County Commissioners of Codington County (Board), requesting they reopen and locate two section-line highways in Richland Township, Codington County. These highways had been vacated by the Richland Township Board of Supervisors (Township) on August 31, 1978.

The County Board denied the petition. Appeal was taken to the Circuit Court, Third Judicial Circuit, pursuant to SDCL 7-8-27 on June 29, 1981, and a trial de novo was held. Judgment was entered on February 22, 1983, affirming the Board's decision. Two of the petitioners, Terence Keogan and Margaret B. Keogan (appellants), appeal the circuit court judgment, raising four issues for our disposition.

We are first asked to determine whether the trial court erred in concluding appellants had no standing to appeal the Board's decision pursuant to SDCL 7-8-27. Second, whether consideration of collateral matters by way of historical background is beyond the scope of a de novo trial. Third, whether the trial court erred in concluding the Board had no authority to relocate a secondary highway previously vacated by the Township. And, finally, whether the trial court applied the wrong burden of proof.

I.

SDCL 7-8-27 provides in part: "From all decisions of the board of county commissioners upon matters properly before it, there shall be allowed an appeal to the circuit court by any person aggrieved ...."

The concept of an "aggrieved party" is not new to this Court ... the first in-depth analysis of "aggrieved party" regarding a test for standing was made by this Court in an appeal from a board of county commissioners' decision. *Barnum v. Ewing*, 53 S.D. 47, 220 N.W. 135 (1928). In *Barnum* we set forth the following test: "[W]e think ['any person aggrieved'] can only include such persons when they are able affirmatively to show that they are 'aggrieved' in the sense that by the decision of the board they suffer the denial of some claim of right either of person or property ...." *Id.* at 53, 220 N.W. at 138.

*Application of Northern States Power Co.*, 328 N.W.2d 852, 855 (S.D.1983) (brackets in original).

The trial court determined that appellants did not have a claim of right or privilege to location of the proposed high-

ways. Supposedly, having no claim of right, appellants were not "aggrieved" persons and, therefore, had no standing to appeal the Board's decision. We disagree. Appellants did indeed suffer denial of a claim of right by having the two section-line highways remain vacated. The Board's decision denies them the right to the shortest, most direct access to their farm property. Because of the highway closing, they and their tenants are denied direct ingress and egress to farmland, and must take a circular route in order to move farm equipment and machinery.

■ The trial court erred in concluding appellants are not aggrieved persons for purposes of standing. Appellants were not prejudiced in any way by this error, however. Despite its conclusion, the trial court proceeded to determine the other issues on appeal.

## II.

At trial, the parties stipulated to the following historical facts:

1) On August 25, 1978, a petition was filed with the Richland Township Board of Supervisors requesting that the two roads at issue herein be vacated.

2) On August 31, 1978, the Richland Board of Supervisors vacated the two roads.

3) Notice of appeal was served September 20, 1978.

4) An election was held deciding the issue as to whether the Township Board's decision to vacate would stand.

5) Election results were 35 to 1 in favor of vacation.

6) The Township Board's decision was appealed to the Codington County Board of Commissioners.

7) They affirmed Township Board's decision.

8) County Board's decision was appealed to the Circuit Court, Third Judicial Circuit, which dismissed the appeal.

These facts were ultimately incorporated in the trial court's findings of facts and thus were considered in determining the outcome of the de novo trial. Though appellants stipulated, they did so with the objection that none of the matters were relevant to the present proceeding. On this appeal, they again argue that these historical matters are irrelevant and may not be considered because of the inherent nature of a de novo proceeding. We disagree. Appellants' objection rests on a misinterpretation of the scope of a de novo trial on appeal from an administrative agency.

■ "An appeal from an action of the county commissioners shall be heard and determined de novo in circuit court. SDCL 7–8–30. Thus, the circuit court should determine anew the question ... independent of the county commissioners' decision." *Sioux Valley Hospital Ass'n v. Jones County*, 309 N.W.2d 835, 837 (S.D.1981). "The court exercises independent judgment ...." *Chicago & North Western Ry. Co. v. Schmidt*, 85 S.D. 223, 227, 180 N.W.2d 233, 235 (1970). This means that the trial court should determine the issues before it on appeal as if they had been brought originally. The court must review the evidence, make findings of fact and conclusions of law, and render judgment independent of the agency proceedings. This the trial court did. The historical background, as stipulated to by the parties, was collateral to the Board's decision from which the appeal was taken. Though the evidence dealt with similar concerns before the same Board, these matters all occurred prior to the petition being adjudicated herein. As noted in *State v. Cody*, 322 N.W.2d 11, 12 n. 2 (S.D.1982),

> [j]udicial notice may be taken of facts once judicially known.... A court may generally take judicial notice of its own records or prior proceedings in the same case and may take judicial notice of an original record in proceedings which are engrafted thereon or ancillary or supplementary thereto.

■ Review of these facts was within the scope of an independent determination

of the issues. Further, as the stipulated facts provided an historical background for the issues before the court, they were certainly relevant and aided in a resolution of the issues. The trial court did not err in considering the previous proceedings.

### III.

■ The County Commissioners may locate, change or vacate "any public highway not within the limits of any city or incorporated town" upon a proper petition. SDCL 31–3–22. Appellants maintain this grants unrestricted authority to any board of county commissioners to locate any highway. The trial court, however, believed that the statutory scheme for highway administration necessitated an interpretation restricting the location authority to new roads or highways which have never before been in existence or which have been created by law but never established. Therefore, the court concluded that the Board did not have authority to locate a road previously vacated by the Township or vacated by an election of the electors of the Township. We agree.

The statutory scheme for highway administration begins with a definition of four highway designations "[f]or the purpose of clarifying the duties and powers of the various ... agencies charged with the administration of the highways ...." SDCL 31–1–5. These are:

(1) "State trunk system," the highways designated by statute to be controlled and supervised by the department of transportation;

(2) "County highway system," the highways designated by the board of county commissioners in organized counties and the highway board in unorganized counties under the supervision of these bodies that have been approved by the department of transportation;

(3) "Township highways," the secondary highways in organized townships that are administered by a board of township supervisors;

(4) "County secondary highways," the rural local highways in unorganized counties and in the unorganized townships of organized counties, excluding the approved county highway system, that are under the supervision of a board of county commissioners or a county highway board.

The various sub-chapters within SDCL ch. 31 set out specifically, and separately, the responsibilities and authority of these agencies for location, change, vacation, and maintenance within each of the classifications. "We thus have a unified scheme for the development, and improvement of the highways of the state which contemplates a division of burden and responsibility between township, county and state." *Van Gerpen v. Gemmill*, 72 S.D. 265, 268, 33 N.W.2d 278, 279 (1948).

"It shall be the duty of the board of township supervisors to arrange for the construction, repair, and maintenance of all secondary roads within the township...." ... We refer to this duty of the township board for the purpose of showing that the legislature has directly placed upon this board the duty and responsibility for the construction, repair and maintenance of secondary roads, in the same manner that it has placed such responsibility for the County Highway System upon the county highway superintendent and the board of county commissioners ... and upon the State Highway Commission for the State Trunk Highway System ....

*Id.*

The trial court based its interpretation on a reading of the statutes as a whole, keeping in mind the intent of the legislature, unlike appellants who would have each provision read in isolation. The trial court reasoned that the burden of construction and maintenance would have to fall upon the Township unless the Board were to take the roads into the County Highway System. Though appellants insist they only want the road located, construction and maintenance are a necessary corollary. Thus, the trial court reasoned that allowing

the request would do violence to the legislative scheme for the administration of highways in this state.  We agree.

In light of the statutory scheme for highway administration and the holding in *Van Gerpen,* we cannot now hold that the trial court erred, as a matter of law.  "A holding that there are overlapping duties and responsibilities other than those expressly fixed by the legislature would not be, in our opinion, in accord with the legislative plan and would amount to confusing that which is now reasonably clear." *Van Gerpen,* 72 S.D. at 268–69, 33 N.W.2d at 280.

### IV.

Having determined that the Board does not have authority to reopen the two section-line highways in Richland Township, we need not reach appellants' final issue.

The judgment of the trial court upholding the decision of the Codington County Board of Commissioners is affirmed.

WOLLMAN, DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., concurs in result.

FOSHEIM, Chief Justice (concurring in the result).

The trial court correctly concluded appellants were not "aggrieved persons."  No citizen has a claim of right to force a proposed road to run through his land.  Failure to locate the highways caused no loss of land, additional tax or personal burden or obligation to appellants.  The law is settled.  *See Application of Northern States Power Co.,* 328 N.W.2d 852 (S.D. 1983); *Barnum v. Ewing,* 53 S.D. 47, 220 N.W. 135 (1928).