TRI COUNTY LANDFILL AS-
SOCIATION, INC., Plain-
tiff and Appellee,

v.

BRULE COUNTY, South Dakota,
Defendant and Appellant.

Nos. 19175, 19193.

Supreme Court of South Dakota.

Considered on Briefs July 19, 1995.

Decided Aug. 2, 1995.

Robert R. Schaub of Larson, Sundall, Lar-
son, Schaub & Fox, Chamberlain, Attorneys
for plaintiff and appellee.

Patricia A. Carlson, Brule County Ltd.
Deputy State's Atty., Pierre, Douglas M.
Deibert of Cadwell, Sanford & Deibert, Sioux
Falls, Attorneys for defendant and appellant.

PER CURIAM.

Brule County (County) appeals from an order directing its County Commission to approve the facility plans of Tri County Landfill Association, Inc. (Association) to construct a regional sanitary landfill. We affirm.

## FACTS

Over the past decade, numerous revisions to state and federal laws have forced significant changes in the manner in which communities dispose of waste and, indeed, have forced the closure of numerous landfills. In anticipation of the changing needs of area communities, Tri County Landfill Association, Inc. was formed in 1992 as a non-profit corporation to develop, construct, and maintain a regional landfill in Brule County. Association members are area county and municipal governmental bodies exercising joint power agreements, and Association's voting delegates are officials of the member counties and cities. County became a member of Association in 1992, passing a resolution declaring "it is necessary to join together with other jurisdictions to allow for an economical manner in which to handle solid wastes," and "that it is in the best interest of [County's] Citizens to join in a Regional Landfill to be located at the Brule County Landfill Site near Pukwana."

County sent officials to Association meetings and Association officials regularly attended the county commission meetings to update the commissioners on the progress of the facility plans and permitting process. Association conducted and participated in numerous public meetings, and regularly maintained local media coverage to ensure that County, as well as the public in general, was informed of its plans from the outset. Throughout the long process, no public opposition was expressed until after the state Department of Environment and Natural Re-

sources (DENR) issued its recommendation that the permit be approved.

Association purchased the 40–acre facility site from County, pursuant to a resolution passed by the county commission on February 9, 1993 [1] after obtaining from County a special exception to the local zoning ordinance to locate a "sanitary landfill for the proper disposal of refuse ..." County's zoning board approved the landfill on March 16, 1993 after Association had presented its facility design plans to County. The special zoning exception was granted on April 27, 1993, following notice of Association's request, a public meeting, and a hearing. County did not, however, pass a specific resolution for the sole purpose of approving the facility proposed by Association, despite these acts approving the purchase of the land and granting the special zoning exception.

Association proceeded with its development plans, publishing notice of its intent to apply for a solid waste disposal facility operation permit from DENR, constructing ground water monitoring wells at the site, and letting bids for the construction and operation. DENR determined that the permit application was in conformity with applicable laws and regulations, that the facility is technically sound and in compliance with the relevant laws and regulations, and recommended issuance of a permit to Association to construct and operate the facility.

On July 29, 1993, DENR published its recommendation of approval of the permit application in the local newspaper, the *Chamberlain Register,* and sent actual notice to affected persons, including County. An objection was filed by a private resident of Pukwana; County did not file an objection. DENR scheduled a contested hearing on Association's application before the Board of Minerals and Environment (BME) to determine whether the proposed facility was prop-

1. The February 9, 1993 resolution stated, in pertinent part:

"Whereas, Federal and State Law has mandated new standards for solid waste disposal; and ... under such standards, the existing landfill would be inadequate to meet the needs of the residents of Brule County, South Dakota, its

municipalities, therein and surrounding environs; and ... Brule County owns ... real estate ... that has been determined to be an acceptable site for solid waste disposal, ... Therefore ... the Board of County Commissioners ... sells forty acres to Tri County Landfill Association, Inc., for the purpose of constructing and operating a landfill ..."

erly designed and safe.[2] Prior to the contested case hearing, County withdrew its membership in Association.

At the hearing, the objecting party contended that Association had never obtained County's approval as required by SDCL 34A-6-103.[3] Three county commissioners attended the hearing and submitted a letter objecting to the approval of the permit. Their letter did not question the safety of the facility design and it did not allege County had not given its prior approval or that such approval had expired.

Following the hearing, BME specifically found that Association's permit application was complete, and detailed the manner in which it met with each of the applicable requirements. However, BME determined that, by the time of the hearing, more than six months had passed since County approval had been given. Thus, it directed Association to again seek approval of County. When Association requested a renewed approval from County's Commission,[4] its request was denied. The only question raised by the commissioners when considering this request was whether out-of-state garbage would be accepted at the facility, and there was no discussion questioning its design or safety in any respect.

Association appealed the decision of the county commission, seeking relief in circuit court. Following a de novo trial, the circuit court concluded that the action of the Brule County Commission in refusing to pass a resolution reapproving Association's pro-

posed facility was arbitrary and capricious. The court entered an order directing County to grant renewed approval of the facility. County appeals. Because of the unique and exigent circumstances present in this case, we suspended the rules and permitted an expedited appellate procedure pursuant to SDCL 15-26A-2.

## I. COUNTY IS BOUND BY THE DECISION OF THE BOARD OF MINERALS AND ENVIRONMENT.

■ County challenges BME's factual finding that the actions of County constituted a resolution of approval as required by SDCL 34A-6-103. However, County did not take an appeal from BME's decision. The circuit court correctly concluded that County "had the right to participate [in the contested case hearing before BME], had the right to appeal the BME's decision, and chose not to participate in any appeal of the BME's decision[.]" Consequently, it is unnecessary for us to consider this issue further.[5]

## II. ASSOCIATION IS AN "AGGRIEVED PARTY" AND ENTITLED TO APPEAL COUNTY'S ACTION.

■ Next, County asserts that Association was without standing to appeal their refusal to reapprove the landfill facility because they are not an "aggrieved party." SDCL 7-8-27 provides that "[f]rom all decisions of the board of county commissioners upon matters properly before it, there may be an appeal to the circuit court by any person aggrieved[.]"

2. This hearing was originally scheduled for October 20, 1993, a date which would have been within six months from the date County gave Association its zoning approval. However, due to a motion for continuance filed by the objecting party, the hearing was delayed until after six months passed from the date of issuance of the zoning approval.

3. SDCL 34A-6-103 states:

   Any application to the [BME] for a permit for a facility for the transportation, storage or disposal of solid waste or medical waste pursuant to this chapter shall include a resolution by the governing body of the county in which the facility is to be located approving the proposed facility. Approval by the county within no more than six months before the issuance of

the permit by the [BME] shall be considered as a condition for the issuance of the permit.

4. A change in membership on the Commission occurred before the BME hearing was held, creating a majority of members who opposed the landfill.

5. Even though we have concluded that County is bound by the findings of BME because it did not appeal BME's decision, it should be pointed out that by the terms of SDCL 34A-6-103, County's approval of the facility was only valid for 6 months. Since more than 6 months had passed by the time of BME's decision, County's approval was no longer valid, and this issue is essentially moot. This is precisely why BME required Association to obtain renewed approval prior to the actual issuance of the permit.

*Wold v. Lawrence County Comm'n*, 465 N.W.2d 622 (S.D.1991). We have declared that "this statute provides for an appeal from decisions of the board of county commissioners only to such persons who suffer personal or individual grievances, as distinguished from those grievances suffered by taxpayers or the public generally." *Simpson v. Tobin*, 367 N.W.2d 757 (S.D.1985) (citation omitted).

The concept of an "aggrieved party" is not new to this Court ... the first in-depth analysis of "aggrieved party" regarding a test for standing was made by this Court in an appeal from a board of county commissioners' decision. *Barnum v. Ewing*, 53 S.D. 47, 220 N.W. 135 (1928). In *Barnum* we set forth the following test: "[W]e think ['any person aggrieved'] can only include such persons when they are able affirmatively to show that they are 'aggrieved' in the sense that [ ...] they suffer the denial of some claim of right either of person or property...." *Id.* at 53, 220 N.W. at 138.

*Keogan v. Bergh*, 348 N.W.2d 462, 463 (S.D. 1984) quoting *In re Appl. of Northern States Power Co.*, 328 N.W.2d 852, 855 (S.D.1983) (ellipses and brackets in original).

Applying these standards, it is clear that Association is an aggrieved party. Association appeals County's refusal to pass a resolution approving their facility. Without such a resolution, Association may not proceed to construct the landfill under the terms of the BME permit. This decision directly affects Association as it prevents this non-profit group from proceeding with its plans to use their property for the purpose for which it was purchased and prevents them from fulfilling the purpose of Association's corporate existence.[6] Clearly, Association is an aggrieved party and was entitled to appeal County's decision to the circuit court.

## III. COUNTY'S REFUSAL TO PASS A RESOLUTION APPROVING ASSOCIATION'S SOLID WASTE FACILITY WAS ARBITRARY AND CAPRICIOUS.

The main issue is whether the circuit court erred in determining that County's action in refusing to approve Association's facility was arbitrary and capricious, and in directing it to pass a resolution approving the facility. Pursuant to SDCL 7–8–30, an appeal to the circuit court from the decision of the county commissioners is to be "heard and determined de novo," that is, the circuit court should determine the issues before it on appeal as if they had been brought before the court originally. We review the findings made by the circuit court using the clearly erroneous standard, giving due deference to the lower court's opportunity to view the evidence and witnesses. *Bryant v. Butte County*, 457 N.W.2d 467 (S.D.1990). However, we accord no deference to the legal conclusions of the circuit court. *Id.*

County does not identify any particular basis upon which it challenges either the factual findings of the circuit court or the legal conclusion that it acted arbitrarily in denying Association's request. County simply lists the facts it suggests support rejection of Association's facility. In reviewing the extensive and detailed findings of the circuit court,[7] it is apparent that County presented much of this same evidence below, and the court specifically found their objections to be without merit. Other factual matters were not presented to the circuit court. County does not, however, identify any particular finding of the circuit court as erroneous, and we are not required to search the record in an attempt to find a basis to

---

6. Association's corporate status was recognized by the South Dakota Secretary of State on May 8, 1992. The purpose of Association is developing, constructing and maintaining a regional landfill.

7. The circuit court made 63 factual findings in reaching its decision, including a determination that Association had submitted a complete application to DENR and that its application satisfied all laws and regulations applicable to a solid waste disposal facility. It also found that County had been fully informed of Association's facility

plans from virtually the inception of the project, and had received actual notice at each step of the administrative permitting process. The court found there was substantial public support for the facility, that approximately 20 unregulated small town dumps may be closed if the proposed facility is constructed, and that Brule County's existing landfill is not designed or operated with the environmental protections of the proposed facility.

reverse the decision of the circuit court. There is ample evidence in the record to support the factual findings made by the circuit court. Thus, we cannot say the findings are clearly erroneous.

■ County has also failed to articulate any basis which would justify a reversal of the circuit court's legal conclusion that their action was arbitrary and capricious. Action is arbitrary and capricious if it is based on personal, selfish, or fraudulent motives, or on false information, and is characterized by a lack of relevant and competent evidence to support the action taken. *Hendriks v. Anderson*, 522 N.W.2d 499 (S.D.1994); *Iversen v. Wall Board of Education*, 522 N.W.2d 188 (S.D.1994); *Riter v. Woonsocket School Dist. # 55-4*, 504 N.W.2d 572 (S.D.1993).

In this regard, we must review the factual basis supporting the circuit court's conclusion. The court's relevant findings state:

42. On May 3, 1994, the Association requested reapproval. It was unjustifiably denied. The only question raised by the commissioners was whether out of state garbage would be allowed at the landfill. No discussion was held as to whether the design was unsafe or that it violated or was prohibited under any Brule County ordinance or regulation.

43. Brule County's unreasonable refusal to grant [Association's] request for approval on May 3, 1994 was oppressive because a majority of the commissioners wanted a compost facility, which they admitted, was not allowed under Brule County's zoning ordinances.

\*　　\*　　\*　　\*　　\*　　\*

58. [An objection to the] location of the landfill was voiced by some of the commissioners[. H]owever if the county commission objected to the location, they didn't have to sell the land or grant the Special Exception to [Association]. It would be unjust, and unfair for the county commission to now be able to change their decisions.

\*　　\*　　\*　　\*　　\*　　\*

60. The plans are not hard to read and clearly show the eventual height along with the different phases of construction and the contours of the pile. The Court finds that the size of the pile is not a legitimate reason to now deny approval. The size of the final pile that [Association] requested approval of in May of 1994 is basically the same as the size of the pile that is contained in the plans that were presented to the county commissioners in the spring of 1993.

61. The Court further finds that the Brule County Commissioners willfully and unreasonably disregarded the decision of the BME.

Based upon these findings, the circuit court drew the following legal conclusions:

8. Brule County's willful refusal to reapprove [Association's] proposed landfill in light of the BME's decision was unjustifiable.

9. Brule County's unreasonable refusal to grant [Association's] request for approval on May 3, 1994 was oppressive, and arbitrary because a majority of the commissioners wanted a compost facility, which they admitted, was not allowed under Brule County's zoning ordinances.

10. The proposed facility and the granting of approval of the proposed facility by Brule County is in the best interest and general welfare of the public.

11. [Association's] proposed facility, if operated in accordance with [its] representations and the conditions adopted by the DENR, will be environmentally safe.

12. The BME has found that [Association's] landfill facility including the leachate collection system, and clay liner to be a safe design and Brule County cannot now recklessly disregard the BME's decision or argue that this landfill facility is an unsafe project because Brule County has had an opportunity to contest those issues before the BME.

\*　　\*　　\*　　\*　　\*　　\*

16. A number of counties and municipalities relied upon the actions of the Brule County Commissioners in approving the sale of land and grant of special exception to [Association]. Other counties and municipalities have spent money in reliance

[on] Brule County's approvals. For the Brule County Commissioners to stop this landfill facility now without any sound basis is not appropriate and [is] unreasonable.

17. The Brule County Commissioners' refusal to reapprove the [Association's] facility on May 3, 1994 was arbitrary, capricious and unreasonable.

The evidence presented at the de novo trial demonstrated that the newly-developed opposition to Association's proposed facility was not based on any legitimate concerns over the design or operation of the facility. Indeed, the state agency in charge of permitting and regulation of solid waste facilities had given its approval as the proposed facility met all legal requirements and furthered the legislative policy of promoting regional waste disposal alternatives. *See* SDCL 34A–16–49. In addition, the circuit court specifically found that the proposed facility complied with all applicable county regulations and ordinances, and that the opposition voiced by the commissioners was based on their personal desires for an alternative compost facility. When presented with such evidence, it is apparent that approval of the facility was supported by the record, and there was an absence of any competent facts to support County's decision to withhold its approval. Thus, the circuit court correctly concluded that County's refusal to pass a resolution of approval was arbitrary and capricious.

We have concluded that it is unnecessary to reach the constitutional issue raised by Association.

Affirmed.

MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, JJ., participating.