2002 SD 152

**Robert L. CHAVIS, Individually and in his capacity as the Yankton County State's Attorney, Plaintiff and Appellant,**

v.

**YANKTON COUNTY, Yankton, South Dakota, Defendant and Appellee.**

No. 22213.

Supreme Court of South Dakota.

Considered on Briefs Oct. 7, 2002.

Decided Dec. 4, 2002.

Robert L. Chavis, Yankton, South Dakota, Attorney for plaintiff and appellant.

Richard L. Travis, Sioux Falls, South Dakota, Attorney for defendant and appellee.

TIEDE, Circuit Judge.

[¶1.] Yankton County Commission (Yankton County) passed a resolution which provided that as of January 1, 2000, all monies payable from other counties for legal fees incurred for representation by the Yankton County State's Attorney for involuntary mental illness commitment proceedings would be billed by the county auditor's office and received into the county general fund. Robert L. Chavis (Chavis), individually and in his capacity as the Yankton County State's Attorney, appealed Yankton County's passing of the resolution to the circuit court. The circuit court found that the resolution was valid and binding. Chavis has appealed. We affirm.

## FACTS AND PROCEDURE

[¶2.] The South Dakota Human Services Center (Center) is located in Yankton County, South Dakota. An individual who is involuntarily committed to the Center is entitled to an involuntary commitment hearing and periodic review hearings until such time as the individual is discharged from the Center.

[¶3.] SDCL 27A–11A–4 provides that the state's attorney for the county in which the proceedings are held shall represent the petitioner. The statute further provides that "[t]he county ultimately shown to be the county of residence shall reimburse the county in which the proceeding is held for any reasonable cost of such representation." SDCL 27A–11A–4.

[¶4.] Chavis is the full-time state's attorney for Yankton County. He is assisted by a full-time deputy state's attorney. Yankton County establishes the salaries of both Chavis and the deputy state's attorney. On August 15, 2000, Yankton County passed, and thereafter published, a resolution which provided:

[A]s of January 1, 2000 all monies payable from other counties for legal fees incurred for representation by the Yankton County States [sic] Attorney's office for involuntary mental illness commitment proceedings be billed by the Auditor's office and receipted in to [sic] the Yankton County general fund.

[¶5.] Prior to this resolution, the Yankton County State's Attorney and various Yankton County Deputy State's Attorneys appearing at involuntary commitment hearings billed the county of residence of the individual involved in the proceeding, were paid directly by that county, and retained such compensation rather than remitting it to Yankton County. This compensation was in addition to any compensation paid to the state's attorney or any deputy state's attorney by Yankton County.

[¶6.] Chavis, individually and in his capacity as the Yankton County State's Attorney, appealed the resolution passed by Yankton County to the circuit court.*

---

* We question whether Chavis has standing to appeal. This Court has previously held that SDCL 7-8-27 provides for a right of appeal only by persons who suffer personal or individual grievances, rather than grievances suffered by taxpayers or the public generally. *Tri County Landfill v. Brule County*, 535 N.W.2d 760, 763 (S.D.1995) (quoting *Simpson v. Tobin*, 367 N.W.2d 757, 760 (S.D. 1985) (citations omitted)). An " 'appellant must show a personal, peculiar or individual interest in the decision of the board to maintain his right to appeal.' " *Tri–State Milling*

*Co. v. Bd. of County Commissioners*, 75 S.D. 466, 467, 68 N.W.2d 104, 105 (1955) (quoting *Holmes v. Miller*, 71 S.D. 258, 262, 23 N.W.2d 794, 796 (1946)). The challenged ordinance was not directed to the compensation of Chavis as fixed by Yankton County. Rather the ordinance was addressed to what would happen to the monies received from other counties as reimbursement for reasonable costs incurred by Yankton County. However, since the issue of standing was not raised by

A court trial was held on October 1, 2001. The circuit court entered its findings of fact and conclusions of law dated December 10, 2001. The circuit court found that the Yankton County State's Attorney has a statutory duty to represent the petitioner in involuntary commitment proceedings held in Yankton County. It concluded that the resolution was valid and binding and that Yankton County was entitled to reimbursement from the county of residence of the individual for any reasonable cost of said representation. Chavis claims the resolution is illegal.

## STANDARD OF REVIEW

[¶ 7.] "SDCL 7-8-30 provides [that] an appeal from a decision of a county commission shall be heard and determined by the circuit court de novo." *Coyote Flats v. Sanborn County Com'n*, 1999 SD 87, ¶ 7, 596 N.W.2d 347, 349. While the circuit court's review of the agency decision is de novo, we have cautioned the courts not to sit as a " 'one man Board of Adjustment.' " *See In re Conditional Use Permit Denied to Meier*, 2000 SD 80, ¶ 22, 613 N.W.2d 523, 530. "Rather, the circuit court must determine whether the county commission's decision was 'arbitrary or capricious,' in which case the court 'should reverse the decision and remand to the Board for further proceedings.' " *In re Approval of Frawley Development*, 2002 SD 2, ¶ 7, 638 N.W.2d 552, 554 (quoting *In re Conditional Use Permit Denied to Meier*, 2000 SD 80 at ¶ 22, 613 N.W.2d at 529). "Conversely, if the court finds no evidence that the county commission made its decision with 'personal, selfish or fraudulent motives, or false information,' the circuit court must affirm the commission's decision." *Frawley Development*, 2002 SD 2 at ¶ 7, 638 N.W.2d at 554 (quoting *Coyote Flats*, 1999 SD 87 at ¶ 16, 596 N.W.2d at 351-52).

[¶ 8.] Likewise, "[t]his Court is not warranted in directing the manner in which the Commission should exercise its legal discretion." *Coyote Flats*, 1999 SD 87 at ¶ 42, 596 N.W.2d at 356-357 (citations omitted). In our review of the county commission's decision after an appeal to the circuit court, " 'we apply the clearly erroneous standard to factual findings, but accord no deference to the legal conclusions of the circuit court' " *Id.* at ¶ 7, 596 N.W.2d at 349 (quoting *Gregoire v. Iverson*, 1996 SD 77, ¶ 14, 551 N.W.2d 568, 570) (citing *Tri County Landfill Ass'n v. Brule County*, 535 N.W.2d 760, 763 (S.D. 1995)).

## ANALYSIS AND DECISION

### ISSUE

[¶ 9.] **Whether the resolution adopted by Yankton County was arbitrary and capricious.**

[¶ 10.] An individual who is involuntarily committed is statutorily entitled to a hearing before the county board of mental illness pursuant to SDCL ch 27A–11A et seq. In addition, an individual is entitled to periodic review hearings until such time as he or she is discharged. SDCL 27A–11A–7 provides that counsel be appointed to represent the mentally ill person at such hearings. The county of residence of the person represented shall pay the counsel appointed by the county board or the court. SDCL 27A–11A–12.

[¶ 11.] The state's attorney of the county in which the commitment or review proceeding is held is statutorily required to appear and represent the petitioner in the proceedings. SDCL 27A–11A–4 provides:

Yankton County, we will proceed to address the merits of the appeal.

In any proceeding for involuntary commitment, review or detention, or in any proceeding challenging commitment or detention, the state's attorney for the county in which the proceeding is held shall represent the petitioner and shall defend all challenges to commitment or detention. *The county ultimately shown to be the county of residence shall reimburse the county in which the proceeding is held for any reasonable cost of such representation.*

No lien may be placed against the person for the costs incurred in any proceeding for involuntary commitment, review, or detention. (emphasis added).

[¶ 12.] A large number of hearings are held in Yankton County due to the location of the Center in Yankton County. Chavis, as Yankton County State's Attorney, has a statutory duty pursuant to SDCL 27A–11A–4 to represent the petitioner at those hearings.

[¶ 13.] Chavis is paid a salary by Yankton County for performing his duties as a full-time state's attorney. As a full-time state's attorney for Yankton County, Chavis is prohibited from acting as "counsel or attorney in any action, civil or criminal, in the courts of this state except when acting on behalf of his county or the state of South Dakota." SDCL 7–16–19. SDCL 7–16–18 provides:

Other than fees payable for child support enforcement services upon request of the Department of Social Services under a cooperative agreement with the board of county commissioners, fees payable upon request of the Department of Social Services under a cooperative agreement with the board of county commissioners under the Violence Against Women Act, 42 USC 3796gg et seq. as of January 1, 1997, and fees payable under contract for representation of the county or its officers in civil

cases and administrative proceedings outside the county pursuant to § 7–16–6 or fees payable for representation of a board or commission acting pursuant to chapter 46A–10A, *the state's attorney may not receive any fee or reward from or on behalf of any prosecutor or other individual for services in any prosecution or business to which it is the state's attorney's official duty to attend, nor be concerned as attorney or counselor for either party, other than for the state or county, in any civil action depending on the same state of facts upon which any criminal prosecution commenced, but undetermined, shall depend.* No state's attorney, while in office, is eligible to hold any judicial office. A full-time state's attorney, as defined by § 7–16–19, is not entitled to receive the fees payable for child support enforcement services or services under the Violence Against Women Act provided herein, nor is a full-time state's attorney entitled to extra compensation for representing the county or its officers in civil cases and administrative proceedings outside the county provided herein or for representing a board or commission acting on drainage matters. (emphasis added).

Further, SDCL 7–16–23 provides:

Other than fees for child support enforcement services made upon the request of the Department of Social Services to a state's attorney under a cooperative agreement with the board of county commissioners, fees payable upon request of the Department of Social Services under a cooperative agreement with the board of county commissioners under the Violence Against Women Act, 42 USC 3796gg et seq. as of January 1, 1997, and fees payable under contract for representation of the county or its officers in

civil cases and administrative proceedings outside the county pursuant to § 7–16–6, *a board of county commissioners may not give or pay any fees or costs to a state's attorney as part of a salary or in addition to a salary.* However, each board shall participate in the costs of the prosecution and enforcement by the state's attorney of support obligations against any responsible parent, whether of a civil or criminal nature, on a fee for service basis with the Department of Social Services. The fee is paid to the state's attorney in addition to any other compensation of the state's attorney for the performance of other public duties. A full-time state's attorney, as defined by § 7–16–19, is not entitled to receive the fees payable for child support enforcement services or services under the Violence Against Women Act authorized by this section nor is a full-time state's attorney entitled to extra compensation for representation of the county or its officers in civil cases and administrative proceedings outside the county pursuant to § 7–16–6. (emphasis added).

Where the legislature intended that state's attorneys be able to receive a fee in addition to their salary from the county, the legislature has clearly provided for such a fee. *See, e.g.,* SDCL 7–16–18 and 7–16–23.

■ [¶ 14.] "When a statute's language is clear, certain, and unambiguous, our function confines us to declare its meaning as plainly expressed." *Bergee v. Bd. of Pardons and Paroles,* 2000 SD 35, ¶ 11, 608 N.W.2d 636, 641 (citing *US West Communications, Inc. v. Public Utilities Comm'n,* 505 N.W.2d 115, 123 (S.D.1993)). SDCL 27A–11A–4 clearly requires that the state's attorney for the county in which the proceeding is held shall represent the petitioner and shall defend any challenges to

the commitment or detention. It further states that "[t]he county ultimately shown to be the county of residence shall reimburse the *county* in which the proceeding is held for any reasonable cost of such representation." SDCL 27A–11A–4 (emphasis added). The statute provides that the county, not the state's attorney, shall be reimbursed by the county of residence.

[¶ 15.] There are no provisions in SDCL 7–16–18 and 7–16–23 which authorize Yankton County to pay additional fees or costs to the state's attorney for carrying out his statutory duty to represent the petitioner in commitment proceedings. Even if such statutory authority arguably existed (*see, e.g.* SDCL 7–8–20(11)), there is no evidence that Yankton County authorized any compensation to Chavis in addition to his salary. Chavis does not cite to any statutory authority or resolution of Yankton County to support his claim that reimbursement from the county of residence is to be paid to the state's attorney as additional compensation. Chavis also fails to cite to any statutory authority authorizing the state's attorney to directly bill the county of residence for representation at commitment proceedings.

[¶ 16.] Full-time state's attorneys are paid a salary by the county for carrying out all of their duties. If the legislature had intended the state's attorney to receive compensation directly from the county of residence, it could have said so in SDCL 7–16–23 or otherwise. If Chavis feels he is being undercompensated by his salary as Yankton County state's attorney, that is a separate issue which he will need to address with the county. Pursuant to SDCL 27A–11A–4, Yankton County is entitled to receive reimbursement from the county of residence for any reasonable costs of representation of the petitioner at commitment proceedings. The resolution of Yankton County is not arbitrary and

capricious. Therefore, we affirm the circuit court.

[¶ 17.] Chavis raises other issues in his brief, including claims of violation of substantive due process, unjust enrichment and involuntary servitude. Based on the above analysis, we need not address them as they " 'lack sufficient merit or importance to warrant individual attention.' " *Parker v. Casa del Rey–Rapid City, Inc.*, 2002 SD 29, ¶ 27, 641 N.W.2d 112, 122 (quoting *Mattson v. Rachetto*, 1999 SD 51, ¶ 7 n. 4, 591 N.W.2d 814, 816 n. 4).

[¶ 18.] Affirmed.

[¶ 19.] GILBERTSON, Chief Justice, and SABERS and KONENKAMP, Justices, concurring.

[¶ 20.] AMUNDSON, Retired Justice, concurring in result.

[¶ 21.] TIEDE, Circuit Judge, for ZINTER, Justice, disqualified.

[¶ 22.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

AMUNDSON, Retired Justice (concurring in result).

[¶ 23.] I concur in the result because I would sua sponte find there is no jurisdiction.

This court generally has a duty to determine whether the trial court has jurisdiction over a matter as a condition precedent to its right to decide the issues involved. *Long v. Knight Const. Co., Inc.*, 262 N.W.2d 207 (S.D.1978); *Sioux City Boat Club v. Mulhall*, 79 S.D. 668, 117 N.W.2d 92 (1962). Even if none of the parties have challenged jurisdiction, this court will, sua sponte, determine whether the lower court had jurisdiction.

*Hardy v. West Central Sch. Dist.*, 478 N.W.2d 832 (S.D.1991) (citations omitted).

[¶ 24.] There can be no jurisdiction as Mr. Chavis is not an aggrieved party.

[W]e think ['any person aggrieved'] can only include such persons when they are able affirmatively to show that they are 'aggrieved' in the sense that [ ... ] they suffer the denial of some claim of right either of person or property. . . ."

*Tri County Landfill Association, Inc., v. Brule County*, 535 N.W.2d 760, 763 (S.D.1995)(internal citations omitted)(ellipses and brackets in original). Chavis has no personal interest in the commissioners' decision regarding the funds received from other counties. As the majority says, Chavis is the full-time state's attorney for Yankton County. Chavis has a duty to represent the petitioner in all involuntary commitment proceedings and to defend all challenges to such. Chavis has made no showing of entitlement to the proceeds and therefore is not an "aggrieved party" under SDCL 7–8–27.