GROSHEK, Respondent, vs. GROSHEK, Appellant.

*March 5—March 31, 1953.*

516

The cause was submitted for the appellant on the brief of *Lehner & Lehner, Adolph P. Lehner, Howard N. Lehner,* and *Eugene E. Behling,* all of Oconto Falls, and for the respondent on the brief of *Anderson & Reinardy* of Stevens Point.

GEHL, J. Defendant-appellant, Clarence Groshek, contends, among other things, that it appears from the complaint that plaintiff assumed the risk incident to the conduct of the defendant. We agree. For application of the defense of assumption of risk three elements must be present: (1) A hazard or danger inconsistent with the safety of the plaintiff; (2) knowledge and appreciation of the danger by the plain-

tiff; and (3) acquiescence or a willingness to proceed in the face of the danger. *Knipfer v. Shaw,* 210 Wis. 617, 246 N. W. 328, 247 N. W. 320. Though the rule is stated in that case as it is applied to a guest in an automobile, the defense exists independently of the relation between the parties.

(1) The legislature has declared that there is danger incident to interference by a guest with the operator's control of the vehicle. Sec. 85.34 (2), Stats., provides that it shall be "unlawful for any passenger in a vehicle . . . to interfere with the operator's control of the operating mechanism of the vehicle."

(2) No one could reasonably say that plaintiff as a man of ordinary prudence did not know and appreciate the danger incident to defendant's act of assuming control of the steering wheel.

(3) Plaintiff made "some protest" against defendant's effort to assume control of the steering wheel. He argues that his protest indicates an unwillingness to proceed under the circumstances. There would be force to his argument but for his subsequent conduct. At the insistence of defendant and after the protest he made an observation to the rear seat and, of course, took his eyes off the road ahead. By that act he relinquished control of the car; he deliberately chose to expose himself to obvious danger and indicated a willingness to proceed in the face of that danger.

He has, therefore, pleaded all the elements of assumption of risk. Upon the facts alleged and giving the allegations of the complaint the most favorable construction for him which they will reasonably bear, we must hold that the complaint does not state a cause of action.

*By the Court.*—Order reversed and cause remanded for further proceedings according to law.