**Margaret Irwin, Administrator of Estate of James
Irwin, Deceased, Plaintiff-Appellant, v. Raymond
Klaeren and John Klaeren, Defendants-Appellees.**

### Gen. No. 10,784.

Second District.

December 15, 1954.

Rehearing denied February 1, 1955.

Released for publication February 8, 1955.

George B. Cohen and Helen Irene Cohen, both of
Chicago, for appellant.

No briefs filed for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Three boys of about seventeen years of age, on May 30, 1953, were riding in an automobile belonging to John Klaeren and driven by Raymond Klaeren, his son. They went to the City of Elmhurst in Du Page county and spent the evening at a skating rink. At about 11:30 p. m. they started home, but had some difficulty in getting the car started. As they were going home, five other boys in another car overtook the Klaeren car and started to crowd it off of the pavement. The Klaeren car was a two-door Mercury sedan. As the boys were going in a westerly direction on North avenue, Raymond Klaeren was driving with Albert Lambke sitting in the front seat on his right, and James Irwin was on the back seat. As the car with the other boys drove along at the side of the Klaeren car, James Irwin reached over and crowded Raymond Klaeren forward and Irwin stuck his head and shoulders out of the window beside the driver. He was talking to and cursing the boys who had been crowding them over. Both Albert Lambke and Klaeren testified that James Irwin had his head, arms and shoulders outside of the window and that Lambke and Klaeren were both trying to pull him back; that Klaeren had him by the shoulders and Lambke by his belt; that Klaeren guided the car with one hand and in some way he lost control of the car, and it ran off of the pavement and struck a post of a road sign and James Irwin was killed.

Margaret Irwin, the mother of James Irwin, was appointed administratrix of his estate and brought a suit against Raymond Klaeren and John Klaeren for damages sustained by her on account of the death of James Irwin. In her complaint she alleges that John Klaeren was the owner of the automobile in question, but that Raymond Klaeren was driving the car; that James Irwin was riding as a guest in the automobile and was

115

in the exercise of due care and caution for his own safety, but that the defendants were guilty of wilful and wanton misconduct in the operation of the automobile that caused the injuries and death of James Irwin. The defendants filed an answer and admitted some of the allegations, but denied that James Irwin was in the exercise of due care and caution for his own safety, or that the injuries complained of were caused by the wilful and wanton misconduct of the defendants.

The case was tried before a jury and Raymond Klaeren and Albert Lambke both testified as to how the car was being driven and what James Irwin was doing just before and at the time of the accident in question. There was no evidence to the contrary. At the close of plaintiff's case at the request of the defendants, the court instructed the jury to find both of the defendants not guilty. The jury rendered a verdict of not guilty, as instructed, and the judgment was entered on the verdict against the plaintiff for costs, and it is from this judgment that the appeal has been perfected to this court.

The boys were riding in a two-door Mercury sedan. In appellant's reply brief she criticized appellees for referring to the car "as a four-door sedan, two doors on each side," when the record discloses that it is a two-door sedan. (Appellant's abstract has the car as a four-door sedan and this may explain appellees' error in calling it a four-door sedan.) The evidence is undisputed that James Irwin was crowding the driver of the car forward and had his head and shoulders out of the window at the driver's left; that the other two boys in the car were trying to pull him back just before, and at the time the accident occurred. The appellees insist that it was a question of law whether James Irwin at the time of his injury was in the exercise of ordinary care for his own safety, or whether he was guilty of wilful and wanton misconduct that contributed to his injury and death. This court in the case of

Willgeroth v. Maddox, 281 Ill. App. 480, held that wilful and wanton misconduct on the part of the deceased who was riding as a guest in the defendants' car was a good defense to the charge of wilful and wanton misconduct on the part of the driver of the car in which the plaintiff's intestate had been fatally injured. This rule of law has been followed frequently since the decision of that case.

The question then arises, were the acts of James Irwin such that the court was justified in saying that he was guilty of wilful and wanton misconduct, as a question of law, so as to instruct the jury in favor of the defendants. It seems reasonable to suppose that since the two boys riding in the front seat at the time of the accident were not injured in any manner; that if Irwin had been sitting down in the back seat at the time, that he would not have been injured. We realize of course this is speculative. It is hard to conceive of a more reckless disregard for his own safety than for a boy to hang head and shoulders out of a front window next to the driver of an automobile, such as the deceased did. It appears to us that it was a question of law for the court to decide, and it is our conclusion that the court properly instructed the jury to find the defendants not guilty. (Lane v. Bobis, 340 Ill. App. 10.) The judgment of the trial court is affirmed.

Affirmed.

JUDGE DeWITT S. CROW took no part in this opinion.