WILLIE NIX, Respondent, *v.* SAMMIE WILLIAMS, Appellant.

Fourth Department, November 5, 1970.

*Cox, Barrell & Walsh* (*John P. Cox* of counsel), for appellant.

*Grossman & Levine* (*Stanley Grossman* of counsel), for respondent.

MOULE, J. Defendant left Rochester in his car for Niagara Falls with plaintiff sitting in the back seat and one May sitting in the front seat. Plaintiff and defendant had known each other for a number of years. They worked in Rochester, lived at the Falls and drove back and forth together on weekends.

Defendant's car was a two-door convertible, and the top was up. The front seat of the car was divided into two sections; in order to get out from the back seat, the back of the front seat had to be pushed down. He was driving about 50 miles per hour westerly along Route 31 approaching Brockport. May and defendant were talking to each other and plaintiff was half asleep and talking to himself. Suddenly, plaintiff got up from his seat, said "Let me out", and tried to get out of the car. Defendant slowed his car down to 35 miles per hour. He was driving on a two-lane road with narrow shoulders in heavy traffic. There were cars in front of him and behind him which prevented immediate stopping. Plaintiff sat down and became quiet.

About 5 to 15 minutes later, when they were at a distance of 10 to 15 miles from the point of the first incident, plaintiff just jumped out without saying anything. May testified that he tried to stop him.

Defendant said that he did not see the door open or plaintiff leave the car, but he heard May say that plaintiff was out of the car, and he pulled over and stopped. Plaintiff was standing in the middle of the road. Plaintiff was taken to the Lockport Memorial Hospital; its records showed that when admitted he was "Under the influence of alcohol". The only other testimony as to alcohol was that of plaintiff who denied having anything to drink, and of defendant who said they had nothing alcoholic in the car and nothing to drink all day.

Plaintiff contends that defendant, as the driver of the car, owed him a duty, as a passenger, to prevent injury from occurring to him, and that defendant negligently breached that duty in not stopping the car when it reasonably appeared that plaintiff might injure himself. Defendant argues that he did not violate any duty owed to plaintiff in the operation of his vehicle, and that the complaint did not allege the violation of any other

duty to plaintiff. The complaint only claimed negligence on defendant's part in operation and control of the vehicle. However, the bill of particulars stated that plaintiff would claim that defendant was negligent in failing to take notice of his condition; failing to stop the automobile and aid and assist him; failing to secure him in a position of safety and failing to put him out of the automobile at a place where it could have been done safely. The case was tried not on the theory of the defendant's negligence in the operation of the vehicle but rather that he was negligent in his failure to supervise or in his supervision of the plaintiff. Defendant did not except to the charge and made no requests to charge. It, therefore, became the law of the case. (1 Carmody-Wait 2d, New York Practice, § 2:65.)

Defendant was required to use ordinary and reasonable care to prevent injury to the plaintiff riding as a guest in defendant's automobile; not to increase the danger of the guest while in the car or to create any new danger (*Clark* v. *Traver,* 205 App. Div. 206, affd. 237 N. Y. 544). This is so whether the guest is an invitee or licensee (*Gluck* v. *Bedford Cleaning & Dyeing Co.,* 195 App. Div. 493) and even though the plaintiff rode with the defendant gratuitously (*Atwell* v. *Winkler,* 196 App. Div. 946).

What ordinary and reasonable care is depends upon the circumstances. The extent of defendant's duty depended on the element of foreseeability. As stated in *Palsgraf* v. *Long Is. R. R. Co.* (248 N. Y. 339, 344), '' The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or others within the range of apprehension ''. Reasonable foresight is required, but a defendant is not required to anticipate every possible accident due to unusual and reasonably unforeseeable circumstances. (*Cartee* v. *Saks Fifth Ave.,* 277 App. Div. 606, affd. 303 N. Y. 832; *Morris* v. *Troy Sav. Bank,* 32 A D 2d 237.)

The range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury (*Dunham* v. *Village of Canisteo,* 303 N. Y. 498). There is. no inference favorable to the plaintiff requiring submission to the jury.

The first time plaintiff acted up the other passenger was able to quiet him down. At that point there was no place to stop the car and no apparent reason for doing so. The action of the plaintiff some 10 or 15 minutes later was sudden and unexpected, and the defendant did all that could be required of him under the circumstances.

Even if the defendant were negligent, the plaintiff would be barred from recovery because of his own actions. He may not place upon defendant the sole responsibility for an accident occurring through the contemporaneous fault of both (*Wilson* v. *Maiello,* 34 A D 2d 221).

The judgment should be reversed and the complaint dismissed.

GOLDMAN, P. J., MARSH, WITMER and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts, without costs, and complaint dismissed.