1996 SD 63

**Russell MACK, Plaintiff and Appellant,**

v.

**KRANZ FARMS, INC., a South Dakota Corporation, Defendant and Appellee.**

**No. 19351.**

Supreme Court of South Dakota.

Considered on Briefs March 13, 1996.

Decided May 29, 1996.

Rory King, Siegel, Barnett & Schutz, Aberdeen, and Jerald M. McNeary of McNeary & McNeary, Aberdeen, for plaintiff and appellant.

Larry M. Von Wald of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendant and appellee.

AMUNDSON, Justice.

[¶ 1] In this action, Russell Mack appeals the trial court's summary judgment dismissal of his claim. We reverse and remand for trial.

## FACTS

[¶ 2] Mack began working for Kranz Farms, Inc. (Farm) in April 1984 on a part-time basis. In April 1987, Mack became a full-time employee for Farm. Mack's duties included milking the cows in the dairy barn. Although he was never formally trained, Mack learned the job through observing his employer perform the duties. The free-stall dairy barn contains two feed bunks or troughs. The troughs have twenty-nine-inch high concrete walls, five-foot-wide wooden floors and are one-hundred-seventy feet in length. There are alleys running between the troughs so that cattle may be fed from either side of the troughs.

[¶ 3] The feed troughs extend ten to twelve feet outside the east wall of the barn. Feed is loaded into the troughs from the outside. After the troughs are loaded with feed, a motor-powered chain is engaged. Attached to the chain are two-inch paddles that are nineteen inches apart. This process moves the feed. During the winter, some of the feed or silage freezes into chunks. Cattle will not eat the frozen chunks, so the frozen chunks must be removed from the troughs. In addition, the frozen chunks will break the paddles.

[¶ 4] A dairy barn by its very nature is a dirty and unsafe facility. Even after it is cleaned, the floor remains wet and has a residue. This high-humidity level barn is a cold barn, meaning there is a vent on the roof of the barn which allows air from the outside to circulate inside. In the winter, the floor of the barn and the feed troughs can become slippery. Mack admitted that this is a typical factor of dairy barns.

[¶ 5] On approximately December 13, 1992, Mack wore rubber overshoes while in the dairy barn. The temperature was cold enough to allow the residue on the barn floor and troughs to freeze. While walking in the alley on the north side of one of the troughs, Mack noticed some frozen chunks. One of these chunks he could not reach, so he stepped into the trough to remove it. While he was stepping into the trough he slipped and fell, hitting his back on the chain and a paddle. The motor was not running at this time.

[¶ 6] Mack brought suit against Farm for his back injury, claiming that Farm was negligent by not providing a reasonably safe work environment with reasonably safe equipment and failed to properly train and instruct Mack in workplace safety. Farm filed a motion for summary judgment, asserting that Mack had assumed the risk. The trial court granted Farm's summary judgment motion. Mack appeals, raising the following issue:

Did the trial court err when it granted Farm's summary judgment motion?

## STANDARD OF REVIEW

[¶ 7] SDCL 15–6–56(c) states summary judgment shall be granted

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[¶ 8] Our long-established precedent for the standard of review for summary judgment was set forth in *Waddell v. Dewey County Bank*, 471 N.W.2d 591, 593 (S.D. 1991).

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material

issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper. (Quotations and citations omitted.)

See also State, Dept. of Revenue v. Thiewes, 448 N.W.2d 1, 2 (S.D.1989). "Ordinarily, questions of negligence, contributory negligence and assumption of risk are for the jury, provided there is evidence to support them." Stenholtz v. Modica, 264 N.W.2d 514, 517 (S.D.1978); see also Lovell v. Oahe Elec. Co-op., 382 N.W.2d 396, 399 (S.D.1986); Myers v. Lennox Co-op. Ass'n, 307 N.W.2d 863, 864 (S.D.1981); Wolf v. Graber, 303 N.W.2d 364, 368 (S.D.1981). "It is only when the essential elements are conclusively established that the plaintiff may be charged with assumption of the risk as a matter of law." Smith v. Community Co-op. Ass'n of Murdo, 87 S.D. 440, 443, 209 N.W.2d 891, 892 (1973). The standards of conduct are for the court to determine, however, when the facts are not in dispute or of such a nature that reasonable men could not differ. Stenholtz, 264 N.W.2d at 517; Bunkers v. Mousel, 83 S.D. 45, 49, 154 N.W.2d 208, 210 (1967). On appeal we determine only whether a genuine issue of material fact exists and whether the law was correctly applied. Miessner v. All Dakota Ins. Associates, 515 N.W.2d 198, 200 (S.D. 1994).

## ANALYSIS

■ [¶ 9] Farm claims that Mack assumed the risk of his injury, therefore, Mack is not entitled to compensation. The test of the assumption of risk is set out in Wolf, 303 N.W.2d at 368. A defendant must show the plaintiff: (1) had actual or constructive knowledge of the risk; (2) had an appreciation of its character; and (3) voluntarily accepted the risk, having had the time, knowledge, and experience to make an intelligent choice. Id.; see also Thomas v. St. Mary's Roman Catholic Church, 283 N.W.2d 254, 259 (S.D.1979). Assumption of the risk is an affirmative defense and failure to establish any one of the above three criteria is fatal.

Westover v. East River Elec. Power Co-op., Inc., 488 N.W.2d 892, 901 (S.D.1992).

### [¶ 10] A. Actual or constructive knowledge of the risk.

■ [¶ 11] Mack testified that he was aware that the barn floor and feed trough could be slippery because of the high humidity and freezing temperatures in the barn. He also knew of the existence of the chain, paddles, and wood running down the center of the feed trough. The trough was only five feet wide. Mack cannot claim a version of the facts more favorable to his position than he gave in his own testimony. See Swee v. Myrl & Roy's Paving, Inc., 283 N.W.2d 570, 572 (S.D.1979). Reasonable men could not differ that Mack had actual knowledge of the risk of slipping in the trough and hitting his back on a paddle.

### [¶ 12] B. Appreciation of the risk's character.

■ [¶ 13] Mack had worked for Farm over eight years. He was well aware of the mishaps that could cause injury on a dairy farm, including falling on the slippery surface present in a dairy barn. Mack relies on Smith, 87 S.D. 440, 209 N.W.2d 891, for guidance. This reliance is misplaced. The plaintiff in Smith was not an employee of the defendant, but rather was asked to assist in the removal of a tractor tire. 87 S.D. at 442, 209 N.W.2d at 892 The Smith plaintiff was inexperienced in the task at hand. 87 S.D. at 443, 209 N.W.2d at 893. Mack was a veteran employee with over eight years' experience under the employ of Farm, was familiar with the feed trough, and knew that the trough could be slippery. "A person can be deemed to appreciate a risk if it is a risk that no adult person of average intelligence can deny." Nelson v. Nelson Cattle Co., 513 N.W.2d 900, 905 (S.D.1994). This prong does not preclude summary judgment being granted for there is no genuine issue of material fact.

### [¶ 14] C. Voluntary acceptance of the risk.

[¶ 15] Restatement of Law (Second) Torts, § 496E, p. 576 (1965) provides:

(1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk.

(2) The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to

    (a) avert harm to himself or another, or

    (b) exercise or protect a right or privilege of which the defendant has no right to deprive him.

In *Berg v. Sukup Mfg. Co.*, 355 N.W.2d 833, 835 (S.D.1984) (*Berg II*), we stated "[r]easonableness refers to whether the plaintiff had a reasonable opportunity to elect whether or not to subject himself to the danger." *Berg II* involved a workplace injury where the defendant moved for summary judgment based on assumption of the risk. 355 N.W.2d at 834–35. In *Berg II* we stated:

"We feel that working conditions and related circumstances are a particularly relevant consideration in an inquiry into the reasonableness of a decision to encounter a job-related danger. Such factors often will have a strong influence on that decision, and, in some cases, they may represent the most important motivational factors."

355 N.W.2d at 835–36 (quoting *Johnson v. Clark Equipment Co.*, 274 Or. 403, 414, 547 P.2d 132, 140 (1976)). This court held in *Berg II* that "[w]hether or not Berg had a reasonable opportunity to avoid the risk was a jury question." 355 N.W.2d at 836 (citations omitted).

[¶ 16] Mack contends there were no reasonable alternatives for him to get the frozen chunks of silage out of the conveyor trough.[1] Farm suggests that Mack should have gone to the other side of the trough and removed the clump or should have climbed into the trough on his hands and knees to remove the clump. According to Mack, these alternatives were unreasonable because: (1) he would have had to re-perform work previously completed, *i.e.*, moving the cattle to the west end of the barn; (2) standing above the trough and lifting the clump Mack would have faced just as great a risk, if not greater, than climbing into the trough; and (3) climbing on his hands and knees and lifting a block of silage would have violated all proper lifting techniques. Mack presented the affidavit of Lanny R. Berke, a professional engineer specializing in product and workplace safety, to support these contentions.[2] Dr. Jon C. Vidoloff, a specialist in physical medicine and rehabilitation, provided an affidavit for Mack stating that it was improper to lift a block of silage while kneeling.

[¶ 17] This sparse record[3] contains conflicting arguments as to whether Mack had a reasonable alternative available. Farm asserts that Mack's own deposition admits there were alternatives. However, Mack provided the affidavits of Lanny R. Berke and Dr. John C. Vidoloff to assert that these alternatives were not reasonable. Our well-established precedent for summary judgment holds that fact questions, such as assumption of the risk, are normally issues a jury decides. *Lovell*, 382 N.W.2d at 399.

---

1. Mack also argues that Farm failed to provide Mack with a safe workplace. According to Mack he was not provided the proper tool, a long-handled pitchfork, to perform the duty of removing the silage from the bunk.

2. Farm asserts that Mr. Berke's affidavit is not admissible. However, Farm has not filed a notice of review on this issue. Failure to file a notice of review waives the issue on appeal. *See* SDCL 15–26A–22; *Matter of Midwest Motor Exp., Inc., Bismarck*, 431 N.W.2d 160, 162 (S.D.1988). In addition, Farm has not provided us with a transcript from the summary judgment hearing to determine whether or not Farm preserved this issue for appeal. It is well settled that Farm, as the party claiming error, had the responsibility to insure that a record was made. *State v. Olson*, 408 N.W.2d 748, 752 (S.D.1987); *State v. Hall*, 272 N.W.2d 308, 311 (S.D.1978); *Schurman v. Schurman*, 60 S.D. 489, 492, 245 N.W. 39, 40 (1932); *see also State v. Garton*, 390 N.W.2d 61, 63 (S.D.1986); *State v. Wilson*, 297 N.W.2d 477, 482 (S.D.1980). The settled record is the sole evidence of the circuit court's proceedings and, when confronted with an incomplete record, our presumption is that the circuit court acted properly. *Garton*, 390 N.W.2d at 63; *Wilson*, 297 N.W.2d at 482; *Hall*, 272 N.W.2d at 311; *Schurman*, 60 S.D. at 492, 245 N.W. at 40.

3. There is no memorandum opinion or transcript contained in this record.

[¶ 18] With this conflict in the record, there clearly is a genuine issue of material fact as to whether a reasonable alternative existed. Therefore, summary judgment was not appropriate.

[¶ 19] Based on the above discussion, we reverse and remand for trial.

[¶ 20] MILLER, C.J., and SABERS, KONENKAMP, and GILBERTSON, JJ., concur.