1997 SD 56

Earl GOEPFERT and Vivian Goepfert, as Special Administrators of the Estate of Michael Goepfert, Deceased, Plaintiffs and Appellants,

v.

Dr. Elliot FILLER, M.D., and Brookings Medical Clinic, P.A., Defendants.

Chris STETHEM, Defendant, Third Party Plaintiff and Appellee,

v.

BROOKINGS HOSPITAL and Louise Coull, Third Party Defendants.

No. 19777.

Supreme Court of South Dakota.

Argued March 26, 1997.

Decided May 14, 1997.

C.E. Light, Yankton, for Plaintiffs and Appellants.

Steven M. Johnson, A. Russell Janklow, of Johnson, Heidepreim, Miner & Marlow, Sioux Falls, for Defendant, Third Party Plaintiff and Appellee Stethem.

KONENKAMP, Justice.

[¶ 1] Michael Goepfert lost his life shortly after he jumped from a moving car. His parents sued the driver and others, and the circuit court granted summary judgment for the driver. Ordinarily, assumption of the risk is a question of fact for a jury, but under these circumstances, can it be decided as a matter of law? Because he voluntarily alighted from a moving vehicle without warning, we conclude Goepfert assumed the risk, and thus we uphold the summary judgment.

### Facts

[¶ 2] On Friday evening, October 29, 1993, several friends, including Chris Stethem and Michael Goepfert, began celebrating the annual "Hobo Day" homecoming at South Dakota State University in Brookings. After dinner and a few beers at a friend's home, the group of six left for downtown. Stethem drove. Goepfert was in the front passenger seat, another man sat between them, and the remaining three were in the backseat. As they neared their destination, the Chevy Lounge on Main Street, they approached an intersection with a red traffic light. Stethem slowed, but never stopped. About fifty feet from the intersection, a passenger in the back told Stethem, "Let us out. Let us out right here." Goepfert said nothing, but others joined in, wanting to be dropped off near the bar, so they would not have to walk back

from where they would park. Stethem replied, "No, we'll all walk up there." One passenger persisted, and Stethem said, "If you want to get out, get out." They were still moving at approximately 10 to 15 miles per hour when the light turned green. Stethem began to accelerate normally. According to everyone in the car, at the moment of acceleration, Goepfert simultaneously, without a word, opened the car door and jumped out. When his feet hit the roadway, he flipped over backwards, causing his head to strike the pavement. He came to rest in the crosswalk where the car entered the intersection. Stethem pulled over on the other side, and all ran back to help their friend.

[¶ 3] Goepfert was unconscious. He was taken by ambulance to Brookings Hospital, treated and released. Concerned friends watched him through the night to monitor his condition. In the morning, they took him back to the hospital when he became unresponsive. Doctors then discovered a skull fracture and intracranial hemorrhaging. Goepfert was rushed by air ambulance to a hospital in Sioux Falls, where he died the next day. His parents brought a wrongful death action against Stethem and certain medical providers. The malpractice claims are not part of this appeal. Stethem moved for summary judgment. Concluding as a matter of law Goepfert assumed the risk of injury by exiting a moving car, negating any duty Stethem owed to him, the circuit judge granted the motion.

### Standard of Review

[¶ 4] The framework for determining summary judgment questions is set forth in SDCL 15-6-56(c): "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (reproduced in part); *Ward v. Lange*, 1996 SD 113, ¶ 10, 553 N.W.2d 246, 249. We will affirm only when the legal questions have been correctly decided and there is no genuine issue of material fact. *Koeniguer v. Eckrich*, 422 N.W.2d 600, 601

(S.D.1988); *Bego v. Gordon*, 407 N.W.2d 801, 804 (S.D.1987). As the moving party has the burden of proof, the "evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party." *Rumpza v. Larsen*, 1996 SD 87, ¶ 9, 551 N.W.2d 810, 812 (citations omitted); *Pickering v. Pickering*, 434 N.W.2d 758, 760 (S.D.1989). If any legal basis exists to support the circuit court's ruling, affirmance is proper. *Petersen v. Dacy*, 1996 SD 72, ¶ 5, 550 N.W.2d 91, 92 (citations omitted).

### Analysis and Decision

[¶ 5] The circuit court ruled from the bench:

> [I]n looking at everything in the light most favorable to the plaintiff here, the scenario I get is that the driver of the car was driving by the Chevy Lounge, the passengers were saying, "Let us out here and so we don't have to walk all the way back to the Chevy Lounge after you find a place to park." The driver of the car said, "No," and then because he was getting badgered about it, he says, "Well, if you want to get out, get out now," but the car had not stopped; that is undisputed. It was going slow, but it had not stopped, and even looking at it from the perspective of the decedent here, that the defendant was slowing down and that he took the defendant's statement seriously, that "If you want to get out, get out now," that that was permission to exit the car, no reasonable person exits a moving car until it is stopped. I think that anytime somebody exits a moving vehicle, he is assuming a known risk. He is assuming there is a good chance that he is going to get injured. He has got to wait until it stops. And so to me, as a matter of law, I conclude that there was assumption of the risk here.

To learn whether the judge decided correctly, we now examine the concept of assumption of the risk with the facts viewed in a light most favorable to Goepfert. We review this question under the de novo standard. *Boever v. South Dakota Board of Accountancy*, 526 N.W.2d 747, 749 (S.D.1995)(*Boever I* ).

[¶ 6] Assumption of the risk embodies three elements. It must be shown that Goepfert: (1) had actual or constructive knowledge of the risk; (2) appreciated its character; and (3) voluntarily accepted the risk, with the time, knowledge, and experience to make an intelligent choice. *Bauman v. Auch*, 539 N.W.2d 320, 326 (S.D.1995); *Bell v. East River Electric Power Co-op., Inc.*, 535 N.W.2d 750, 754 (S.D.1995); *Nelson v. Nelson Cattle Co.*, 513 N.W.2d 900, 904 (S.D.1994); Wolf v. Graber, 303 N.W.2d 364, 368 (S.D.1981). Failure to establish any one element negates the defense. *Westover v. East River Elec. Power Co-op., Inc.*, 488 N.W.2d 892, 901 (S.D.1992). We recently stated in *Mack v. Kranz Farms, Inc.*, 1996 SD 63, ¶ 8, 548 N.W.2d 812, 814:

> "Ordinarily, questions of negligence, contributory negligence and assumption of risk are for the jury, provided there is evidence to support them." *Stenholtz v. Modica*, 264 N.W.2d 514, 517 (S.D.1978); *see also Lovell v. Oahe Elec. Co-op.*, 382 N.W.2d 396, 399 (S.D.1986); *Myers v. Lennox Co-op. Ass'n*, 307 N.W.2d 863, 864 (S.D.1981); *Wolf v. Graber*, 303 N.W.2d 364, 368 (S.D.1981).

[¶ 7] Though assumption of the risk is most often an issue for the jury, we have occasionally held summary judgment appropriate. "It is only where the essential elements are conclusively established that the plaintiff may be charged with assumption of the risk as a matter of law." *Smith v. Community Co-op. Ass'n of Murdo*, 87 S.D. 440, 443, 209 N.W.2d 891, 892 (1973). *See Westover*, 488 N.W.2d at 896 ("In the absence of a factual dispute, where the evidence warrants, the circuit court and this court can find assumption of the risk as a matter of law."). In *Myers v. Lennox Co-op. Ass'n*, 307 N.W.2d 863 (S.D.1981), for example, we affirmed summary judgment on assumption of the risk against a plaintiff who was injured after stepping on an unstable pile of lumber while loading a garbage truck. No facts were in dispute; he had reasonable alternatives to stepping on the lumber; and reasonable persons could not differ over the risk the plaintiff assumed. "His decision to walk on the lumber was made under such circumstance

that he must be held to have made an intelligent choice to encounter the risk presented by that course of action." *Id.* at 865. Has each required element been satisfied in this case?

[¶ 8] First, to assume a risk, one must have actual or constructive knowledge of the peril involved. Constructive knowledge will be imputed if the risk is so plainly observable that "anyone of competent faculties [could be] charged with knowledge of it." *Westover,* 488 N.W.2d at 901 (internal citations omitted). Risk is intrinsic to some acts. Considering these facts and exercising ordinary common sense, reasonable minds cannot differ on the jeopardy involved in stepping from a moving vehicle. *See Nix v. Williams,* 35 A.D.2d 188, 316 N.Y.S.2d 321, 324 (1970)(passenger who suddenly and unexpectedly jumped out of moving vehicle without saying anything barred from recovery as a matter of law); *Groshek v. Groshek,* 263 Wis. 515, 57 N.W.2d 704, 706 (1953)(where plaintiff driver allowed a passenger to drive while he reached into the backseat, it cannot be reasonably said that plaintiff did not know the danger in such activity).

[¶ 9] Next, an individual will be held to have appreciated the danger undertaken if it was "a risk that no adult person of average intelligence can deny." *Bell,* 535 N.W.2d at 754; *Nelson,* 513 N.W.2d at 905. Obviously, "there are some risks to which no adult will be believed if he says he did not understand them." *Staats by Staats v. Lawrence,* 576 A.2d 663, 668 (Del.Super.Ct. 1990), *aff'd,* 582 A.2d 936 (Del.1990). Michael Goepfert, a twenty-two year old college student, had to know and appreciate the hazard he faced in leaping from a moving car. "[One] may not close his eyes to obvious dangers, and cannot recover where he was in possession of facts from which he would be legally charged with appreciation of the danger." *Herod v. Grant,* 262 So.2d 781, 783 (Miss.1972)(quoting 57 AmJur2d *Negligence* § 282 (1971)). No testimony from anyone in the car suggests Goepfert was unaware of what he was doing or that he misperceived the car was moving.

[¶ 10] Finally, assumption of the risk requires voluntarily acceptance, having had the time, knowledge, and experience to make an intelligent choice. *Bauman, supra.* As he leapt from the car, Goepfert may not have known the light had turned green and Stethem was just then accelerating. One passenger testified:

Q. —After Chris said, "If you want to get out, get out," did you expect Chris to accelerate?

A. —No.

Q. —Then if you did not expect Chris to accelerate, would it not be reasonable that Mike would not have expected him to accelerate, too?

A. —But Mike's focus wasn't on the green light is what I'm getting at. Chris was watching the road. He was focused on the green light. Mike's focus was thinking that if he stops, I'm going to jump out and get up there before everybody else does.

Consistent with the others, this same witness testified: Q.—"Were you surprised that Mike jumped out of the vehicle?" A.—"Yeah, I was very much so."

[¶ 11] Everyone in the car felt Stethem spoke in jest or was acting the "smart aleck" when he said, "If you want to get out, get out." Even if Goepfert took this comment seriously, he still gave no sign of his intent, other than, as one passenger said, to glance at his friends in the backseat: "It was like he was joking like he was going to. Kind of acting like he was going to do it and then not really do it. Then he went ahead and did it." Automobile passengers have a duty of care for their own safety. *Glandon v. Fiala,* 261 Iowa 750, 156 N.W.2d 327, 331 (1968); *Atwood v. Holland,* 267 N.C. 722, 148 S.E.2d 851, 854 (N.C.1966)("A gratuitous passenger in an automobile is required to use that care for his own safety that a reasonably prudent person would employ under the same or similar circumstances."); *Rutz v. Iacono,* 229 Minn. 591, 40 N.W.2d 892, 895 (1949); *White v. Huffmaster,* 326 Mich. 108, 40 N.W.2d 87, 89 (1949).* Goepfert's decision surpassed mere negligence.

* Compare cases involving passengers engaged in horseplay in and around moving vehicles. *See,*

[¶ 12] Acceptance of risk necessarily connotes attention to reasonable alternatives. *Mack*, 1996 SD 63, ¶¶ 15–17, 548 N.W.2d at 814–15. Here "reasonable" refers to whether one had a fair opportunity to elect whether to subject oneself to danger. *Berg v. Sukup Mfg. Co.*, 355 N.W.2d 833, 835 (S.D.1984)(*Berg II* ). Acceptance is not voluntary if another's tortious conduct leaves no reasonable alternative to avert harm or to exercise or protect a right or privilege, which another has no right to deny. *Mack*, 1996 SD 63, ¶ 15, 548 N.W.2d at 815 (quoting Restatement of Law (Second) Torts, § 496E, p 576 (1965)). Everyone agreed Stetham drove normally. The car may have been moving faster than Goepfert anticipated when he jumped, but that cannot erase the reality that he still elected to jump while the car was moving. On this point the evidence is unrefuted. Goepfert's only reasonable alternative was to stay in the car until it reached a complete stop. No one's wrongful conduct forced him to make his fateful choice.

[¶ 13] As a matter of law, Goepfert assumed the risk. We see no genuine issues of material fact for trial. By jumping from the car, Goepfert voluntarily and unfortunately accepted the peril inherent in such act, and, to the sorrow of his family and friends, his decision ended in tragedy.

[¶ 14] Affirmed.

[¶ 15] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

*e.g., Brown v. Derry*, 10 Wash.App. 459, 518 P.2d 251, 253 (1974)(considering sixteen-year-old who rode on the trunk of a car, "The risk of harm in attempting to ride on the exterior of an automobile for even a short distance in such a fashion is plainly a foreseeable risk, and reasonable minds could not differ with respect to it"); *Miller v. General Accident Fire & Life Assur. Corp., Ltd.*, 280 So.2d 280, 282 (La.Ct.App.1973)(man riding on a car fender, "The general rule when one is an outrider on a vehicle is that he only assumes such risks as are ordinarily incident to his position"); *Vaughn v. Cortez*, 180 So.2d 796 (La.Ct.App.1965)("playing cowboy" while riding on the front of a moving car is so dangerous, a risk is assumed); *Irwin v. Klaeren*, 4 Ill.App.2d 114, 123 N.E.2d 743, 744 (1954)(holding as a matter of law and noting that "it is hard to conceive of a more reckless disregard for his own safety" than a man who holds his head and shoulders outside of the window of a moving car).