Unified Judicial System

 

 
 
Richard Parker
Plaintiff and Appellee v.
Casa Del Ray - Rapid City, Inc.
Defendant and Appellant [2002 SD 29]
South Dakota Supreme Court
Appeal from the Circuit Court of The Seventh Judicial Circuit
Pennington County, South Dakota
Hon. Jeff W. Davis, Judge
Dennis W. Finch Tina M. Hogue of Finch, Bettmann, Maks Rapid City, South Dakota
Attorneys for plaintiff and appellee.
 
Gregory G. Strommen of Costello, Porter, Hill Heisterkamp, Bushnell & Carpenter Rapid City, South Dakota
Attorneys for defendant and appellant.
 
Argued on October 1, 2001
Opinion Filed 2/27/2002
#21810
AMUNDSON, Justice
[Â¶1.] Richard Parker was injured while making a delivery from his truck to Casa del Rey in Rapid City, South Dakota.  A jury awarded Parker $290,000 for his damages resulting from the fall.  Casa del Rey appeals.  We affirm.
FACTS
 [Â¶2.] On December 21, 1995, Parker, an experienced truck driver, was making deliveries for Nobel/Sysco Company.  As he progressed into his route, Parker stopped at Casa del Rey between 9 and 10 a.m.  Parker backed his truck trailer up near the unloading dock behind the restaurant and parked so that a gap was left between the trailer and the dock.[1]   There is conflicting testimony of whether the gap was 10-12 inches or 12-18 inches.  In addition, the truck trailer was a bit higher than the unloading dock, creating a step down onto the dock.
[Â¶3.] After parking, Parker got out of his truck and crossed the parking lot to the steps of the unloading dock.  Parker was aware that a light snow had fallen during the previous night.  Additionally, he had noticed grease present on the dock during prior deliveries.  Parker alleges the snow had made the greasy film on the steps âdifferentâ than he was used to, but proceeded up the steps and across the dock anyway because he did not believe the condition of the area was dangerous.  He stepped off the dock into his trailer where he used a two-wheeled cart to haul five or six boxes of chips, which were stacked taller than he was, and pushed the cart out of the truck onto the dock.[2]   As he did, his foot slipped from beneath him just as he stepped over the gap between the truck trailer and the unloading dock.  He fell and became wedged in the gap between the truck trailer and the dock.  Parker suffered physical injuries from the fall, including a herniated disk in his back, which required surgery and resulted in medical bills.  He also incurred educational costs in order to obtain less strenuous employment since he was no longer physically able to drive truck.
[Â¶4.] At trial, Casa del Rey claimed that no grease was present on the steps on the day Parker fell.  The manager of Casa del Rey, Robert Krebsbach, testified that his employees rarely spilled grease on the dock as they were removing it from the restaurant and carrying it outside to a receptacle.  If they did, however, Krebsbach explained that it was restaurant policy to use a heavy-duty degreaser to clean up such spills.  Casa del Rey also argued that Parker was contributorily negligent in the way he parked and unloaded the truck and that he had assumed the risk of injury.  A jury found in favor of Parker and awarded him $290,000 in damages.  Casa del Rey appeals the following issues:
1)                 Whether the evidence was sufficient to establish negligence.
2)       Whether Parker was contributorily negligent and assumed the risk as a matter of law.
 
3)       Whether the trial court correctly instructed the jury as to the law governing the case.
 
4)       Whether the trial court should have allowed the admission of evidence regarding a previous fall at Casa del Rey.
 
5)       Whether the trial court should have allowed evidence of the feasibility of safer equipment provided by Parkerâs employer to be presented at trial.
 
6)       Whether the trial court properly admitted a photograph of the premises into evidence.
 
STANDARD OF REVIEW
[Â¶5.] Casa del Reyâs claim that the evidence was insufficient to establish negligence is reviewed âin the light most favorable to upholding the verdict.â  See Engberg v. Ford Motor Co., 87 SD 196, 201, 205 NW2d 104, 106 (1973).  The same standard applies when determining if assumption of the risk and contributory negligence exist as a matter of law.  See Stenholtz v. Modica, 264 NW2d 514, 516 (SD 1978) (stating when âdetermining whether the evidence on the plaintiffâs behalf was sufficient to warrant submission to the jury, the plaintiff is entitled to have every controverted fact resolved in his favor and to have the benefit of all reasonable inferences that can be deduced from the evidenceâ).  We have previously stated that the standard of review for issue three regarding jury instructions is, as follows:
On issues supported by competent evidence in the record, the trial court should instruct the jury.  The trial court is not required to instruct on issues lacking support in the record.  Failure to give a requested instruction that correctly sets forth the law is prejudicial error.  Jury instructions are reviewed as a whole and are sufficient if they correctly state the law and inform the jury.  Error is not reversible unless it is prejudicial.  The burden of demonstrating prejudice in failure to give proposed instruction is on the party contending error.  This Court has repeatedly stated that â[a] trial court must present only those instructions to the jury which are supported by competent evidence and set forth the applicable law.â   
 
Overfield v. Am. Underwriters Life Ins. Co., 2000 SD 98, Â¶11, 614 NW2d 814, 816 (citations omitted).  Finally, all issues regarding the trial courtâs evidentiary rulings require us to apply the âabuse of discretionâ standard.  See Zepp v. Hofmann, 444 NW2d 28, 31 (SD 1989).
DECISION
[Â¶6.] 1.  Whether the evidence was sufficient to establish negligence.
[Â¶7.] Under the laws of this state, to establish negligence the plaintiff must prove âduty, breach of that duty, proximate and factual causation, and actual injury.â  Fisher Sand & Gravel Co. v. South Dakota Depât of Transp., 1997 SD 8, Â¶12, 558 NW2d 864, 867 (citing Tipton v. Town of Tabor, 538 NW2d 783, 785 (SD 1995)).  In this particular case, there is no dispute that Parker was a business invitee of Casa del Reyâs.  Thus, Casa del Rey owed Parker a duty to exercise âreasonable or ordinary careâ while on its premises.  Mitchell v. Ankney, 396 NW2d 312, 313 (SD 1986).[3]   Reasonable and ordinary care requires Casa del Rey to keep its premises safe and warn any invitee, like Parker, of any âconcealed, dangerous conditions known to . . . [Casa del Rey].â  See id. (citations omitted).  In analyzing the duty owed to an invitee, this Court has stated that the âduty to warn is a subpart of the duty to keep the property reasonably safe.  The duty to keep the property reasonably safe is, in turn, a subpart of the general duty to exercise reasonable care.â  Id.  This Court has additionally acknowledged that landowners are not expected to insure a safe condition, but rather must warn of a dangerous condition only if the condition existed for a time long enough to âjustify the inference that he had knowledge of its existence.â  Kryger v. Dokken, 386 NW2d 481, 483 (SD 1986) (holding that a property owner with no knowledge of an abandoned well did not breach a duty under the nuisance laws).  Furthermore, if a danger is reasonably obvious or known to the invitee, the landowner is excepted from liability unless he expects harm will occur in spite of the inviteeâs knowledge of the danger.  See Stenholtz, 264 NW2d at 516 (summarizing Restatement (Second) of Torts Â§ 343A (1965)).
[Â¶8.] Casa del Rey argues that the evidence at trial was insufficient to establish a claim of negligence for an array of reasons.[4]   Parker, however, points out that Manager Krebsbach admitted employees occasionally spill grease on the unloading dock, which could create a slippery surface.  Additionally, Parker testified that grease was present on the steps and dock.  And, although Parker saw the grease and snow, he testified that it did not appear dangerous to him.  We must review these facts in a light most favorable to the verdict, and there was clearly evidence that could support the juryâs decision.  See Engberg, 205 NW2d at 105. These facts are enough to prove that Casa del Rey breached the duty it owed to Parker as an invitee.  There was sufficient evidence to support the juryâs finding of negligence.  
[Â¶9.]                2.       Whether Parker was contributorily negligent and assumed the risk as a matter of law.
 
[Â¶10.] Contributory negligence is conduct by the plaintiff that amounts to a âbreach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause.â  Starnes v. Stofferahn, 83 SD 424, 432, 160 NW2d 421, 426 (1968).  Furthermore, this state follows the rule that if Parkerâs contributory negligence was âmore than slight,â the defendant is not liable for his own negligence.  See id. at 433.  
[Â¶11.] Assumption of the risk exists under the precedent of this state when an individual knows that the danger exists, appreciates the character of the danger and âvoluntarily accept[s] such risk by having a sufficient amount of time, knowledge, and experience to make an intelligent choice.â  Myers v. Lennox Co-op Assoc., 307 NW2d 863, 864 (SD 1981).  See also Mack v. Kranz Farms, Inc., 1996 SD 63, Â¶9, 548 NW2d 812, 814 (enumerating the elements of assumption of the risk); Nelson v. Nelson Cattle Company, 513 NW2d 900, 904 (SD 1994) (same). 
[Â¶12.] Casa del Rey argues that the evidence shows Parker left a gap between the trailer and dock, obscured his vision with boxes and failed to use other available methods of unloading.  Parker, however, also presented evidence that he did not 
appreciate the risk of falling, even though he saw the snow and the grease.  He 
testified he did not realize the danger that the condition of the dock presented.  Additionally, there was testimony that the gap between the dock and trailer was a result of the cramped space in which the truck had to maneuver behind Casa del Rey, and not due to Parkerâs negligent parking.  Also, there was testimony that grease was allowed to accumulate on the dock with the knowledge of Casa del Rey personnel.  Thus, there was conflicting evidence on the dockâs condition at the time of the incident.  In such a case, it is not up to this Court to determine which sidesâ witnesses were most credible.  See Mash v. Cutler, 488 NW2d 642, 646 (SD 1992) (stating â[t]he credibility of witnesses, the weight to be accorded their testimony, and the weight of the evidence must be determined by the trial court and we accord the trial court some deference based on its observations of the witnesses and the evidenceâ).  Contributory negligence and assumption of the risk are normally questions for a jury to decide unless âthe facts are not in dispute or of such a nature that reasonable men could not differ.â  Myers, 307 NW2d at 864.  See also Hoffman v. Royer, 359 NW2d 387, 390 (SD 1984) (quoting Stoltz v. Stonecypher, 336 NW2d 654, 657 (SD 1983), which said, â[q]uestions relating to negligence and contributory negligence are questions of fact for determination by the jury in all except the rarest of instancesâ); Mack, 548 NW2d at 815 (stating âfact questions, such as assumption of the risk, are normally issues a jury decidesâ).  In addition, a plaintiff may only be denied recourse âas a matter of lawâ under these two theories if all of the elements are âconclusively established.â  See Stenholtz, 264 NW2d at 518; Smith v. Community Co-op Assoc. of Murdo, 87 SD 440, 442, 209 NW2d 891, 892 (1973).  We affirm the submission of this issue for a jury determination.
[Â¶13.]              3.       Whether the trial court correctly instructed the jury as to the law governing the case.  
 
[Â¶14.] Casa del Rey claims that the trial courtâs instructions to the jury were âincomplete, incorrect, or inappropriateâ and that the trial courtâs failure to give several instructions was error.  First, the trial court need only instruct the jury on issues âsupported by competent evidence in the record.â  Sundt Corp. v. South Dakota Depât of Transp., 1997 SD 91, Â¶19, 566 NW2d 476, 480.  If the instructions given âmislead, conflict, or confuse the jury, it constitutes reversible error.â  Wallahan v. Black Hills Elec. Co-op., Inc., 523 NW2d 417, 422 (SD 1994).  We will not reverse the trial courtâs decision regarding jury instructions unless the complaining party was prejudiced by it.  See Overfield, 2000 SD 98, Â¶11, 614 NW2d 814, 816 (citations omitted).  We must, however, look at the instructions âas a wholeâ to determine if they adequately inform the jury on the law.  See id.
[Â¶15.] A complaining party must have properly objected to an instruction to preserve the issue for appeal.  See Grynberg v. Citation Oil & Gas Corp., 1997 SD 121, Â¶28, 573 NW2d 493, 503.  SDCL 15-6-51 (b) states that âno grounds of objection to the giving or the refusing of an instruction shall be considered . . . on . . . appeal, unless presented to the court upon the âsettlementâ of such instructions.â  Sundt Corp., 1997 SD 91 at Â¶17, 566 NW2d at 480 (citations omitted).  The complaining party must have specified and stated the grounds for his objection, and a mere general objection is not sufficient to preserve the right to appeal.  See id.   An attorney must be clear when objecting to jury instructions âso the trial court is advised of what possible errors exist and be granted the opportunity to correct any instructions.â  See id.
[Â¶16.] In this case, Casa del Rey argues that the trial court erred by incorrectly instructing the jury as to causation and premises liability.[5]   The record indicates that Casa del Rey did not properly object to the instructions given regarding causation or premises liability, thus we do not address these issues on appeal.  See id. at Â¶17.[6]   Even if the objection was made, the instructions given by the trial court accurately set forth the laws applicable to the case.  See Overfield, 2000 SD 98 at Â¶11, 614 NW2d at 816.
[Â¶17.] Casa del Rey also argues that the court below erred in failing to include assumption of the risk as one of the issues in the case and failed to instruct the jury properly on Parkerâs employerâs duty to furnish Parker with safe equipment.  During the settlement of instructions, Casa del Rey objected to the trial courtâs instruction number 14 regarding the issues of the case.[7]   As is evident, this instruction is void of any reference to assumption of the risk as an issue in the case.  The trial courtâs instruction on the issues of the case was void of any reference to assumption of the risk.  Plaintiff objected to the courtâs instruction, but the trial judge overruled it.  Additionally, the trial court refused to accept Defendantâs proposed instructions, one of which defined assumption of the risk as an issue, and another that expounded on assumption of the risk.
[Â¶18.] The record does contains an instruction where the elements of assumption of the risk were explained to the jury.[8]   In addition, other instructions explained contributory negligence and differentiated assumption of the risk from contributory negligence.  While it was error to not include as part of instruction number 14 the assumption of the risk issue, the instructions given adequately explain the law of this affirmative defense to the jury.[9]   In reviewing the instructions as a whole, there was no prejudicial error.  See Overfield, 2000 SD 98 at Â¶11, 614 NW2d at 816  (finding the instructions must be viewed as a whole to determine if they adequately inform the jury on the laws).
[Â¶19.] Next, Casa del Rey argues that the trial court erred by denying its proposed jury instruction on an employerâs duty to provide a safe work place for the plaintiff, which read as follows:  
An employer has a duty to furnish an employee with a reasonably safe place to work.  This includes the duty of establishing proper methods of work and adequate supervision of the work and safe equipment with which to perform the work.  If the employee is mature and sensible and has had some experience in the work being done, he must look after himself as to all obvious dangers in the details of the work.
 
Casa del Rey relied on Jackson v. Van Buskirk, which held employers have a duty to furnish a safe work place for employees, but did not deal with nonparty negligence.  424 NW2d 148, 149 (SD 1988).  The trial judge ruled the jury should not be given the instruction, as that would âunduly interjectâ a nonparty into the case.  Notwithstanding this reasoning, the trial judge went on to state that it was âfair gameâ to argue the employerâs duty to the jury during closing argument.  This must have been based on the fact that there was evidence admitted during trial on an employerâs duty.
[Â¶20.] This Court has held that if there is âcompetent evidenceâ in the record regarding a particular issue, then the jury should be instructed on that issue.  Wallahan, 523 NW2d at 422.  We cannot permit juries to deliberate regarding any issue without first receiving proper guidance.  This jury was apparently authorized to consider the factual evidence on the employerâs duty without receiving any law on the issue or being told what law to apply to the evidence regarding that issue.  
[Â¶21.] In the case of Steele v. Encore Manufacturing Co., Inc., 579 NW2d 563, 568 (Neb 1998), the Nebraska Court of Appeals held as follows:
[T]he general rule in Nebraska is that where it is claimed that the conduct of a nonparty is the sole proximate cause of an accident, the jury should be advised that if it finds that the nonparty is the sole proximate cause, then its verdict should be for the defendant.  This is merely a way of instructing the jury that it is appropriate for a defendant to deny proximate cause by introducing evidence that someone else was the sole proximate cause.  Although the above stated rule has been the general rule in Nebraska for quite some time, the present situation is unique and presents an issue of first impression in Nebraska for one reason: The nonparty third person whose negligence is alleged to have been the sole proximate cause is the plaintiffâs employer.  Although we acknowledge that employers cannot be held liable in tort for injuries to employees covered by the Nebraska Workersâ Compensation Act, we do not, as Steele urges, conclude that a defendant is therefore barred from arguing in a negligence action that the employerâs negligence was actually the sole proximate cause of the employeeâs injuries.
 
Regardless of the plaintiffâs not being entitled to tort compensation from the employer, if the employerâs actions are the sole proximate cause of the employeeâs injuries, then it follows that the defendantâs conduct is not a proximate cause, and the defendant should be entitled to argue and have the jury instructed accordingly.  Numerous other courts, both federal and state, have acknowledged that evidence of an employerâs negligence is admissible and that appropriate jury instructions are required if the evidence is such that a jury should find that the employerâs negligence is the sole proximate cause of the employeeâs injuries.  See McClish v. Niagara Mach. and Tool Works, 266 FSupp 987 (SDInd 1967); Gatlin v. Cooper Tire & Rubber Co., 481 SW2d 338 (Ark 1972); Wagner v. Clark Equip. Co., Inc., 700 A2d 38 (Conn 1997); Chumbley v. Dreis and Krump Mfg. Co., 521 NW2d 192 (Iowa App 1993); Caulfield v. Elmhurst Contracting Co., 53 NYS2d 25 (1945).  
 
(other internal citations omitted).  There is no question that an employerâs negligence is a proper factor to consider if it is the sole proximate cause of injuries.  A review of the record in this case discloses that this was not the theory of the defense and that the trial court was not given the opportunity to embrace or reject this theory.  This Court has long taken the position that if the trial court has not had the opportunity to rule on an issue, we will not reverse on the non-presented issue.  See Knudson v. Hess, 1996 SD 137, Â¶11, 556 NW2d 73, 76.  It is unfortunate that the trial court stated that the employerâs negligence was âfair gameâ for argument without instructing on the law, but on this record, the case must be affirmed on this issue.
[Â¶22.] 4. Whether the trial court should have allowed the admission of evidence regarding a previous fall at Casa del Rey.
 
[Â¶23.] Prior to trial, Casa del Rey made a motion in limine to prevent some of Parkerâs witnesses from testifying.  One of those witnesses was James Tiltrum, a deliveryman for a beer distributor who had previously made deliveries to Casa del Rey.  In September of 1995, Tiltrum fell as he was ascending the steps attached to the unloading dock where Parker had fallen.  Tiltrumâs fall occurred as he was pulling a full keg of beer, which weighed about 163 pounds, up the steps.   
[Â¶24.] Casa del Rey attempted to keep Tiltrumâs testimony out, arguing that the testimony of Tiltrumâs fall did not happen in the same place or manner as Parkerâs.  The motion was denied and subsequently, at trial, Manager Krebsbach testified that he did not know of any prior falls on the dock.  In response, Parker presented Tiltrumâs testimony regarding his fall on the steps.
[Â¶25.] This Court held in Durham v. Ciba-Geigy Corporation that facts can be proven by events that are substantially similar, although not identical, to the facts to be proven.  315 NW2d 696, 699 (SD 1982).  The Durham Court stated:  â[a]n issue as to the existence or occurrence of a particular fact, condition, or event, may be proved by evidence as to the existence or occurrence of similar facts, conditions, or events, under the same, or substantially similar circumstances.â  See id. (citations omitted).
[Â¶26.] Tiltrum fell just a few months prior to Parkerâs fall.  Additionally, it was in the same general location, and he, too, contends that the grease was a contributing factor in his fall.  Although there was no snow on the ground and Tiltrum fell while pulling a keg up the steps, rather than while unloading on the dock, the jury was fully apprised of those distinguishing factors.  The facts indicate that Tiltrumâs fall could be viewed as âsubstantially similar to the one giving rise to the case in issue.â  See Novak v. Navistar Intâl Transp. Corp., 46 F3d 844, 851 (8thCir 1995) (holding that dissimilar prior incidents are inadmissible to prove the facts of the case).  The trial court has broad discretion in determining whether evidence is âimmaterial, conjectural or remoteâ in nature, and we will fully recognize that discretion here.  See Durham, 315 NW2d at 699.  We find no abuse of discretion here and affirm the trial court on this evidentiary issue.
[Â¶27.] We need not address issues 5 and 6, as they âlack sufficient merit or importance to warrant individual attention.â  Mattson v. Rachetto, 1999 SD 51, Â¶7 n4, 591 NW2d 814, n4.
[Â¶28.] Therefore, we affirm.
] GILBERTSON, Chief Justice, and KONENKAMP, Justice, and GORS, Acting Justice, concur.
[Â¶29.] SABERS, Justice, concurs in part and concurs in result in part.
 
 
SABERS, Justice (concurring in part & concurring in result in part).
 
[Â¶30.] I concur in Issues 1 through 4 and concur in result on Issues 5 and 6 as I would address them.

[1].         Parker explained that it was difficult to park in Casa del Reyâs parking lot, as there was a short distance between the unloading dock and some concrete parking barriers.  Additionally, he was pulling a shorter trailer than usual and was having a difficult time maneuvering it in Casa del Reyâs parking lot.

[2].         Parker arguably could have used other methods of unloading, such as covering the gap between the dock and trailer with a metal ramp or skidboard, or pulling the cart rather than pushing it.  Jay Prichard, Parkerâs co-worker who was assisting Parker that morning at Casa del Rey, testified at trial that it would have been proper for Parker to pull the cart onto the dock.  This would help keep momentum and prevent the wheels of the cart from falling into the gap between the dock and truck.  Additionally, there was conflicting testimony at trial as to whether a metal ramp, or âskidboard,â could have been used to cover the gap between the truck and dock.
    

[3].         The Restatement (Second) Torts Â§ 331 (1965) states that an invitee can be either a public invitee or a business visitor.  A business visitor âis a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.â  Parker was on the premises in connection with business dealings, and thus is considered an invitee.

[4].         As support for its argument, Casa del Rey alleges the following:  Grease on the steps had been there during prior deliveries and did not affect the footing on the steps; Parker was fully aware that snow could cause the dock to become slippery; Parker admittedly parked so that a gap was left between the truck and dock and stacked the chips on the cart so as to block his line of sight; several other people had walked on the steps and crossed the same unloading dock that morning without falling; and that Parker admitted he didnât believe the condition of the dock was dangerous prior to the fall, thereby defeating Parkerâs claim for negligence.  See Stenholtz, 264 NW2d at 516 (finding that landowners are not liable for dangers known or reasonably obvious to an invitee).

[5].         Trial Court Instruction number 17 regarding causation stated the following:
 
A legal cause is a cause that produces a result in a natural and probable sequence, and without which the result would not have occurred.
 
A legal cause does not need to be the only cause of a result.  A legal cause may act in combination with other causes to produce a result.  
            
The trial courtâs instructions regarding premises liability included the following:          
 
[Trial Court Instruction Number 18]  The possessor of land owes an invitee the duty of exercising reasonable or ordinary care for the inviteeâs safety.
 
[Trial Court Instruction Number 20]  In general, an owner of land is not liable to an invitee for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to the invitee.  However, if the owner of land has reason to believe that the condition will harm the invitee despite its obviousness, the owner has a duty to warn the invitee regarding the condition or to take other reasonable steps to protect the invitee.
 
The word âknownâ means that the invitee both knew of the existence of the dangerous condition, and also appreciated the probability and gravity of the danger posed by the condition.  The word âobviousâ means that the condition and the risk would be recognized by a reasonable person in the inviteeâs position, regardless whether the invitee subjectively recognized the danger.  
 

[6].         A review of the record indicates Casa del Rey did not object to the trial courtâs proposed instruction on these two topics during settlement of instructions.  Thus, it did not preserve the right to appeal pursuant to SDCL 15-6-51(b).  (Casa del Rey did object to a portion of the trial courtâs instruction regarding a landownerâs duty, but on different grounds than it appealed.)  Although Casa del Rey did propose its own instructions on these issues, that is not enough for review by this Court.  See Johnson v. Houser, 704 F2d 1049, 1051 (8thCir 1983) (stating that the âmere tender of an alternative instruction without objecting to some specific error in the trial court's charge or explaining why the proffered instruction better states the law does not preserve the error for appealâ).   
 

[7].         Instruction number 14 given by the trial court stated the following:
 
                        The issues to be determined by you in this case are these:
                        First, was the defendant negligent?
If you find the defendant was not negligent, you will return a verdict for the defendant.  If you find the defendant was negligent, you have a second issue to determine, namely:
                        Was that negligence a legal cause of any injury to the plaintiff?
If you find defendantâs negligence was not a legal cause of plaintiffâs injury, plaintiff is not entitled to recover and you will return a verdict for the defendant.
If you find defendantâs negligence was a legal cause of plaintiffâs injury, you then must find on a third issue:
            Was the plaintiff also negligent?
If you find that the plaintiff was not negligent, you then must fix the amount of plaintiffâs damages and return a verdict for the plaintiff.
If you find that the plaintiff was also negligent, you then must determine a fourth issue, namely:
            Was that negligence a legal cause of the plaintiffâs injury?
If you find that it was not a legal cause of plaintiffâs injury, you then must fix the amount of plaintiffâs damages and return a verdict for the plaintiff.
If you find that plaintiffâs negligence did contribute as a legal cause of plaintiffâs injury, the plaintiff may still recover if the jury should find that such contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant.  If you find that the plaintiff is contributorily negligent, but that such plaintiffâs negligence is under the circumstances slight in comparison with defendantâs negligence, the plaintiff is still entitled to recover, but the damages to be awarded plaintiff must be reduced in proportion to the amount of plaintiffâs contributory negligence.  If you find that such contributory negligence of the plaintiff is more than slight in comparison with the negligence of the defendant, the plaintiff cannot recover.  
As indicated in this instruction, you should first determine the question of liability before you undertake to fix an amount that would compensate for damage, if any, found to have been suffered.  
             

[8].         Instruction number 24 given by the trial court stated:
If a person assumes the risk of injury or damage, the person is not entitled to any recovery.  To support an assumption of the risk defense, the defendant must show:
(1) that the plaintiff had actual or constructive knowledge of the existence of the specific risk involved; 
(2) that the plaintiff appreciated the riskâs character; and 
(3) that the plaintiff voluntarily accepted the risk, having had the time, knowledge, and experience to make an intelligent choice. 
South Dakota Pattern Jury Instruction 13-01.  The elements listed are the same as those cited in numerous South Dakota cases.  See Myers, 307 NW2d at 864; Mack, 548 NW2d at 814; Nelson, 513 NW2d at 904.
In giving instruction number 24, Casa del Rey was allowed to argue to the jury that assumption of the risk foreclosed Parkerâs entitlement to recovery.
 

[9].         Casa del Rey proposed an instruction stating, in pertinent part:  âDefendant may reasonably assume that Plaintiff will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing soâ (citing Mitchell, 396 NW2d 312 (1986)).